IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GOVERNMENT EMPLOYEES | § | |
| INSURANCE COMPANY | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO.: 06-449 |
| | § | |
| v. | § | |
| | § | |
| JOHN P. RANDO | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT JOHN RANDO'S MEMORANDUM AND POINTS OF AUTHORITIES IN SUPPORT OF MOTION TO DISMISSAND/OR MOTION TO TRANSFER

## STATEMENT OF FACTS

This case involves a Declaratory Judgment action filed by GEICO Insurance on an uninsured/underinsured motorist policy issued to Defendant, John P. Rando.    GEICO Insurance properly alleges in its Complaint that the GEICO Insurance policy at issue had a policy period from April 15, 2005 to October 15, 2005. Defendant, John P. Rando was rear-ended in a crash in Marion County, Florida on August 4, 2005 and was airlifted by trauma helicopter to the hospital where he was an inpatient for twelve (12) days. As a result of this crash, Mr. Rando suffered severe permanent brain injuries which will prevent him from ever working again.

The Complaint properly alleges in Paragraph 2 that the Defendant is a resident of Dunnellon, Marion County, Florida. The Complaint properly alleges in Footnote 1 that John Rando moved to Florida in September 2004. The Complaint also alleges that the insurance policy in question was issued to the Defendant in October 2004, one month after the Defendant

1

became a Florida resident. On its face, the Complaint's allegations show that the GEICO Insurance policy in question was entered into in the State of Florida. See Complaint, paragraph 4.

The Complaint establishes that GEICO Insurance provided uninsured/underinsured motorist benefits for the named insureds, John Rando and wife Gail Rando at their home address in Dunnellon, Marion County, Florida. See Exhibit A to Complaint at page 2. Furthermore, on its face, the Complaint's allegations show that the Defendant has been a Florida resident for the entire life of the Contract in question. The bills for the premiums were mailed to Defendant John Rando at his home in Florida. In turn, the payments for the premiums were mailed from Defendant John Rando's house in Florida. See Exhibit A to Complaint at pages 2-3.

The performance contemplated by the parties to this uninsured/underinsured motorist contract requires payment by GEICO Insurance to its named insureds, John and Gail Rando, at their home in Dunnellon, Marion County, Florida.

## ARGUMENT

I.  **THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICATION OVER THE DEFENDANT AND IMPROPER VENUE, OR IN THE ALTERNATIVE, ABATED AND TRANSFERRED TO THE MIDDLE DISTRICT OF FLORIDA PURSUANT TO 28 U.S.C. §1404(a)**

### LEGAL PROPOSITION:

A.  **This Court Lacks Personal Jurisdiction Over the Defendant**

There are no minimum contacts to establish a relationship necessary between the forum state of Delaware and John Rando. As alleged in the Complaint, John Rando was a resident of Florida before the GEICO Insurance contract was negotiated. GEICO Insurance delivered the Policy Declaration and billed John Rando in Florida; the premium payments were

2

made by John Rando from Florida; and John and Gail Rando were the named insureds at their

Florida address. GEICO Insurance was to make payment under the policy to its named insureds

John and Gail Rando at their Florida address as a result of this Florida traffic crash.

The only contact with the State of Delaware was the fact that the vehicle itself was

located in Delaware. Therefore, Delaware lacks the authority to assert personal jurisdiction over

John Rando because there are no sufficient minimum contacts in the State of Delaware and

because it is unreasonable under these facts. Accordingly, this action should be dismissed for

lack of personal jurisdiction over Defendant John Rando.

Furthermore, plaintiff does not meet the requirements of 10 <u>Del. C.</u> §3104, which plaintiff

argues in support of personal jurisdiction.

## SUPPORTING AUTHORITIES:

Section 1391(a), Title 28, United State Code states:

> A civil action where jurisdiction is founded only on diversity of citizenship
> may, except as otherwise provided by law, be brought only in
> > (1)    a judicial district where any defendant resides, if all defendants
> > reside in the same State,
> > (2)    a judicial district in which a substantial part of the events or omissions
> > giving rise to the claim occurred, or a substantial part of the property that is
> > the subject of the action is situated, or
> > (3)    a judicial district in which any defendant is subject to personal
> > jurisdiction at the time the action is commenced, if there is no district
> > in which the action may otherwise be brought.

It is basic constitutional law that a State does not have personal jurisdiction over a

Defendant unless that Defendant has performed actions within the State. <u>See</u> <u>Pennoyer v. Neff</u>,

95 US 714 (1877). Merely owning personal property in a State does not subject one to the

jurisdiction of that State's courts. <u>Shaffer v. Heitner</u>, 433 US 186 (1977).

The power of the forum state over the individual is a matter of Constitutional principle and requires that the Court have sufficient interest and authority to adjudicate the rights of parties by asserting power over the individuals. Pennoyer, supra. Without a presence in the state by the nonresident, there must be sufficient "minimum contacts" between defendant and the forum state so that maintaining the suit does not affect "traditional notions of fair play and substantial justice." International Shoe v. Washington, 326 US 310 (1945). The Court's exercise of personal jurisdiction must also be reasonable. Id.

Plaintiff's contention of personal jurisdiction is based on 10 Del. C. §3104(c)(6) which gives Delaware Courts jurisdiction for "contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing." In determining personal jurisdiction, the Court must consider whether defendant's conduct falls within an enumerated category under 10 Del. C. §3104 and service comports with traditional notions of fair play and substantial justice. Jeffreys v. Exten, 784 F. supp. 146 (Del. 1992).

## LEGAL PROPOSITION:

### B.    This Matter Should Properly be Brought in the State of Florida

The defendant, John P. Rando, resides in the Middle District of Florida. GEICO Insurance does business in the Middle District of Florida, and will not be prejudiced to bring this action in the Middle District of Florida. A substantial part of the events giving rise to the claim occurred in the Middle District of Florida.

Prior to receiving notice of this action, but subsequent to the filing of the

action, Defendant Rando initiated his own civil action for damages and Declaratory Judgment in

Florida State Court which was subsequently removed to the Federal District Court for the Middle

District of Florida. That case, <u>John P. Rando, et al. v. Government Employees Insurance</u>

<u>Company</u>, is currently pending under Case No. 5:06-cv-336.

Due to the significant head injuries suffered by the defendant, traveling to the

State of Delaware would be inconvenient. Therefore, this matter should be dismissed based on

improper venue or alternatively transferred to the Middle District of Florida.


**<u>SUPPORTING AUTHORITIES:</u>**

Pursuant to 28 USC § 1391, this action is properly brought in "a judicial district where

any defendant resides, if all defendants reside in the same State" or "a judicial district in which a

substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 USC

§1404(a) provides that, "for the convenience of parties and witnesses, in the interest of justice, a

district court may transfer any civil action to any other district or division where it might have

been brought." Motions to transfer are determined on a case-by-case basis at the discretion of

the Court. <u>Stewart Org., Inc. v. Ricoh Corp.</u>, 487 US 22 (1988). In order for transfer to be

deemed appropriate, "1) it must be established that the action 'might have been brought' in the

transferee district; 2) a transfer must serve the convenience of parties and witnesses and 3) the

interests of justice must counsel transfer." <u>VannDusen v. Barrack</u>, 376 US 612 (1964); <u>Camasso</u>

<u>v. Dorado Beach Hotel Corp., et. al.</u>, D. Del., 689 F. Supp., 384 (1988).

**Conclusion**

As this Court has no personal jurisdiction over the defendant, JOHN RANDO, and this matter should have been brought in the Middle District of Florida, this Court should dismiss the Complaint for lack of personal jurisdiction and improper venue. If dismissal is not ordered, Defendant, JOHN RANDO, respectfully requests that this Court transfer and abate this case since an action is currently pending in the Middle District of Florida.

**BABIARZ LAW FIRM, P.A.**

By: _/s/ Timothy A. Babiarz/MRF/AMK_

TIMOTHY S. BABIARZ
FL Bar #0050407
Oakland Hills, Suite 205
13940 US HWY 441
The Villages, FL 32159
Telephone: (352) 205-7599
Attorney for Defendant

**DOROSHOW, PASQUALE, KRAWITZ & BHAYA**

By: _____

ARTHUR M. KRAWITZ (#2440)
MATTHEW R. FOGG (#4254)
1202 Kirkwood Highway
Wilmington, Delaware 19805
Telephone: (302) 998-0100
Attorneys for Defendant

6

IN THE UNITED STATES DISTRICT COURT FOR THE
FOR THE DISTRICT OF DELAWARE

GOVERNMENT EMPLOYEES            )
INSURANCE CO.                   )
                                )
          Plaintiffs,           )       CIVIL ACTION NO.:
                                )
      v.                        )
                                )
JOHN P. RANDO                   )
                                )
          Defendant.            )

## DECLARATORY JUDGMENT COMPLAINT

COMES NOW, plaintiff, Government Employees Insurance Company ("GEICO") who brings this declaratory judgment action pursuant to 10 Del.C. § 6501 and hereby asks the Court for an Order declaring that there is no coverage under the GEICO policy issued to Defendant, John P. Rando ("Defendant") under policy number 4025-02-78-32 for the claims alleged against it by Defendant. The GEICO policy is annexed hereto as Exhibit A. In support thereof, GEICO asserts the following:

### I.    **JURISDICTION**

1.      Plaintiff GEICO was and still is a corporation organized and existing under the laws of Maryland and was and still is authorized to issue policies of insurance in the State of Delaware.

2.      Defendant John P. Rando ("Defendant") upon information and belief is a resident of the State of Florida and resides at 11484 SW 139 Street, Dunnellon, FL 34432.

3.      There is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00   This Court has jurisdiction pursuant to 21 U.S.C §1332(a)(2).

### II.   **POLICY**

4       GEICO issued Delaware rated policy of insurance number 4025-02-78-32 in October 2004 to the Defendant which, in part, provided uninsured/underinsured motorist coverage ("Delaware

Policy"). The Delaware Policy was purchased to insure Defendant's vehicle which was primarily operated by Defendant's daughter who lived in Delaware. Upon information and belief, the Delaware Policy was renewed without any changes to the terms of the policy on April 15, 2005. The Delaware Policy provided for uninsured/underinsured motorist benefits of up to $300,000.00 per person.

5.    GEICO issued Defendant a separate Florida rated insurance policy in November 2004 under policy number 0245195508 ("Florida Policy").[1]

6.    Defendant was involved in an automobile accident on August 4, 2005. Defendant settled his claim against the underlying tortfeasor in that case for the tortfeasor's full policy limits of $10,000.00. Defendant subsequently filed a claim against GEICO seeking payment of $600,000 under his GEICO Florida Policy.

7.    GEICO subsequently issued payment and release to the Defendant for $600,000.00 for recovery of uninsured motorist benefits under policy number 0245195508 to Defendant.[2] GEICO received the signed release on May 19, 2006.

8.    On May 19, 2006, the Defendant, made a claim under his Delaware Policy. On May 25, 2006, GEICO denied his claim. The Policy provides in pertinent part as follows:

Section V- UNINSURED MOTORIST COVERAGE  - LIMITS OF LIABILITY:

Regardless of the number of *insured autos or trailers* to which this policy applies:

---

[1] Defendant had originally purchased his GEICO insurance policy in October 1986 as a Delaware resident. In September 2004, Defendant informed GEICO that he was moving to Florida. GEICO re-rated his insurance policy to Florida to reflect his new residence. The insurance policy  (0245195508) remained in effect although it had been converted from a Delaware to a Florida rated policy.

[2] Under FL law, Defendant was able to recover $600,000.00 by stacking coverage for all GEICO insured intrastate and interstate vehicles which he owned.

1.    The limit of liability for Uninsured Motorists Coverage stated in the declarations applicable to "each person" is the limit of our liability for all damages, including those for care or loss of services, due to *bodily injury* sustained by one person as the result of one accident.

2.    The limit of liability stated in the declarations as applicable to "each accident" is subject to the above-provision respecting "each person," the total limit of our liability for all such damages, including damages for care and loss of services, due to *bodily injury* sustained by two or more persons as the result of one accident.

4.    When coverage is afforded to two or more autos under this policy, the limits of liability shall apply separately to each auto as stated in the declarations. But these limits may not be combined so as to increase the stated coverage for the auto involved in the accident.

If separate policies with us are in effect for *you* or any person in *your* household, they may not be combined to increase the limit of our liability for a loss.

The amount payable under this coverage will be reduced by all amounts:

(a)    paid by or for all persons or organizations liable for the injury;

(b)    paid or payable under the Bodily Injury and Property Damage Coverages of this policy; or

(c)    paid or payable under any workers' or workmen's compensation law, disability benefits law or any similar law.

5.    Any payment made under this Coverage shall reduce any amount the *insured* is entitled to receive from the Bodily Injury or Property Damage Coverage of this policy.

## COUNT I - DECLARATORY RELIEF

9.    Answering defendant incorporates its responses to paragraphs 1 (one) through 8 (eight) as if fully set out herein.

10.    There is no coverage under the Delaware Policy because the its policy language prevents the Defendant from combining two GEICO policies in order to increase the limit of GEICO's liability. Under the terms of the Delaware policy, GEICO provides coverage up to the highest limit of liability

3

available to the Defendant and since the Defendant has already accepted and recovered the higher coverage, the Defendant is excluded from seeking further recovery of any additional monies under his GEICO Delaware Policy.

WHEREFORE, GEICO demands judgment:

Declaring that Defendant is not entitled to seek recovery under GEICO policy number 4025-02-78-32 or under any other GEICO policies in effect at the time of the accident.

Respectfully submitted,

Government Employees Insurance Company
 by its attorneys

SWARTZ CAMPBELL LLC

Nicholas E. Skiles, Esquire (I.D. #3777)
300 Delaware Avenue, Suite 1130
P.O. Box 330
Wilmington, DE  19899
(302) 656-5935
Attorneys for Plaintiff, GEICO

**EXHIBIT A**

## AFFIDAVIT

STATE OF VIRGINIA

STAFFORD COUNTY

I, Terence A. Mannion, Assistant Vice President of Government Employees Insurance
Company, a corporation organized and existing under the laws of Maryland, do hereby certify
that the attached declarations pages reflect the contents of the declarations pages, and that the
attached copy of the amendments and policy contracts are identical to the amendments and
policy contracts for policy number 4025-02-78-32 for the date of 04/15/05 to 10/15/05 issued to
John P. Rando and Gail B. Rando of 11484 SW 139th St., Dunnellon, FL 34432-8763.

I am authorized by Government Employees Insurance Company to make this affidavit on its
behalf and the facts stated hereon as true and correct to the best of my knowledge and belief.

Terence A. Mannion
Assistant Vice President

SUBSCRIBED AND SWORN TO BEFORE ME THIS __25th__

DAY OF __April 2006__.

Michele P. Torrence
Notary Public

My Commission Expires __3|31|08__



M-11-85

# GEICO

GOVERNMENT EMPLOYEES INSURANCE COMPANY
ONE GEICO PLAZA, WASHINGTON, DC 20076-0001
TELEPHONE:1-800-841-7475      FAX: 1-540-286-4019

| FAMILY AUTOMOBILE POLICY RENEWAL DECLARATIONS |
| --- |
| THIS IS A DESCRIPTION OF YOUR COVERAGE |
| PLEASE KEEP FOR YOUR RECORDS |
| PAGE 1 |

POLICY PERIOD FROM  04/15/05  TO  10/15/05  12:01 A.M. LOCAL TIME AT THE ADDRESS OF THE NAMED INSURED.

THE INSURED VEHICLE(S) WILL BE REGULARLY GARAGED IN THE TOWN AND STATE SHOWN IN ITEM 1, EXCEPT AS NOTED IN THE VEHICLE SEGMENT

**POLICY NUMBER: 4025-02-78-32**       **DATE ISSUED: 02/27/05**       **CONTRACT TYPE:** A30DE

Item 1: Named Insured and Address
JOHN P RANDO AND GAIL B RANDO
11484 SW 139TH ST
DUNNELLON FL  34432-8763

CONTRACT AMENDMENTS:       ALL VEHICLES - A200

UNIT ENDORSEMENTS:       A115 (VEH 1), A253 (VEH 1), A431DE (VEH 1), UE119E (VEH 1)

* * * * * * * * * * IMPORTANT MESSAGES * * * * * * * * * *

THANK YOU FOR GIVING GEICO DIRECT THE PRIVILEGE OF PROVIDING YOUR INSURANCE PRO-TECTION FOR MORE THAN 20 YEARS.

THIS POLICY CONTAINS A NAMED DRIVER EXCLUSION.

THE GEICO PROPERTY AGENCY CAN ARRANGE FOR YOUR HOMEOWNER'S, RENTER'S AND CON-DOMINIUM OWNER'S INSURANCE NEEDS. JUST CALL TOLL-FREE AT 1-888-306-9500. REFINANCING? LET US PROVIDE THE NEW HOMEOWNER'S POLICY YOU NEED.

ACTIVE DUTY, GUARD, RESERVE OR RETIRED MILITARY CALL 1-800-MILITARY TO SEE IF YOU QUALIFY FOR THE MILITARY DISCOUNT.

INSURED COPY

U-31-DP  (1)

OVER

GOVERNMENT EMPLOYEES INSURANCE COMPANY

| POLICY NUMBER: 4025-02-78-32 | DATE ISSUED: 02/27/05 | PAGE 2 |
|---|---|---|
| VEHICLE | RATED LOCATION | CLASS |
| 1 96 HONDA 1HGCD7253TA037806 | NEWARK DE 19702 | 1 M 21SFP L |

| COVERAGES | LIMITS OR DEDUCTIBLES | PREMIUMS VEH 1 | PREMIUMS VEH | PREMIUMS VEH |
|---|---|---|---|---|
| ( average applies where a premium or 0.00 is shown for the vehicle | | | | |
| BODILY INJURY LIABILITY EACH PERSON/ EACH OCCURRENCE | $300,000/$300,000 | 545.00 | | |
| PROPERTY DAMAGE LIABILITY | $50,000 | 231.70 | | |
| PERSONAL INJURY PROTECTION INSURED AND RESIDENT RELATIVES | NON-DED | 177.80 | | |
| UNINSURED MOTORIST BODILY INJURY EACH PERSON/EACH OCCURRENCE PROPERTY DAMAGE – LESS $250 DEDUCTIBLE | $300,000/$300,000 $10,000 | 57.50 0.00 | | |
| COMPREHENSIVE | $100 DED | 123.20 | | |
| COLLISION | $1000 DED | 260.30 | | |
| EMERGENCY ROAD SERVICE | FULL | 8.80 | | |
| RENTAL REIMBURSEMENT | $25 PER DAY $750 MAX | 13.10 | | |

| SIX MONTH PREMIUM PER VEHICLE | $ 1417.40 | $ | $ |
|---|---|---|---|

If you elect to pay your premium in installments, you may be subject to an additional fee for each installment. The fee amount will be shown on your billing statements and is subject to change.

YOUR PREMIUMS ARE BASED ON THE FOLLOWING DISCOUNTS AND/OR SURCHARGES:
DISCOUNTS      PASSIVE RESTRAINT (VEH 1), SEATBELT (VEH 1), ANTI-LOCK BRAKES (VEH 1)

SURCHARGES

LIENHOLDER VEHICLE          LIENHOLDER VEHICLE          LIENHOLDER VEHICLE

## ENDORSEMENT

## AUTOMOBILE

### EXCLUSION OF NAMED DRIVER

This endorsement, effective _____ forms a part of Policy No _____
(12:01 A M standard time)

issued to the insured named in the Declarations thereof

by GOVERNMENT EMPLOYEES INSURANCE COMPANY, Washington, D.C. 20076
(A Shareholder owned Company - Not Affiliated with the United States Government)

It is agreed that this policy does not apply to any injury, loss or damage which occurs while the motor vehicle described in this policy, or any other motor vehicle to which this policy may be extended, is in the care, custody or control of the person(s) named below:

Should GEICO be held liable in any jurisdiction and sustain a loss while such specifically excluded person(s) was in the care, custody or control of any motor vehicle insured under this policy, the Named Insured agrees to reimburse us for all such loss and expenses.

Excluded Driver(s)

Acknowledged by _____
(Signature of Named Insured)

Countersigned by_____ _    _____
Authorized Representative

UE-119-E (10-79) NS

[      ] For Office Use Only



## ENDORSEMENT

## AUTOMOBILE

### EXCLUSION OF NAMED DRIVER

This endorsement, effective _____ forms a part of Policy No. _____
(12:01 A.M. standard time)

issued to the insured named in the Declarations thereof

by **GOVERNMENT EMPLOYEES INSURANCE COMPANY, Washington, D.C. 20076**
(A Shareholder owned Company - Not Affiliated with the United States Government)

It is agreed that this policy does not apply to any injury, loss or damage which occurs while the motor vehicle described in this policy, or any other motor vehicle to which this policy may be extended, is in the care, custody or control of the person(s) named below.

Should GEICO be held liable in any jurisdiction and sustain a loss while such specifically excluded person(s) was in the care, custody or control of any motor vehicle insured under this policy, the Named Insured agrees to reimburse us for all such loss and expenses.

Excluded Driver(s)

Acknowledged by_____ _____
(Signature of Named Insured)

Countersigned by_____ - _____ _____
Authorized Representative

UE-119-E (10-79) NS

[        ] *For Office Use Only*



## AUTOMOBILE POLICY AMENDMENT

## RENTAL REIMBURSEMENT AMENDMENT

Policy Number:

"We agree with you that the policy is amended as follows:"

SECTION IV - Physical Damage Coverages

The following coverage is added:

Coverage - Rental Reimbursement

When there is a *loss* to an *owned auto* for which a specific premium charge indicates that rental reimbursement coverage is afforded:

We will reimburse the *insured* toward costs the *insured* incurs to rent an auto. Reimbursement will not exceed the limits described in the declarations and payment will be limited to a reasonable and necessary period of time required to repair or replace the *owned auto*. This coverage applies only if:

1. the *owned auto* is withdrawn from use for more than 24 consecutive hours, and

2. the *loss* to the *owned auto* is covered under comprehensive or collision coverage of this policy.

This coverage does not apply when there is a total theft of the entire auto unless and until:

1. the period of time reasonably required to repair or replace the stolen auto exceeds 30 days; and

2. only if the additional benefits provided under the supplementary benefits of the policy have been exhausted.

No deductible applies to this coverage.

The coverage provided by this amendment is subject to all the provisions and conditions of SECTION IV of the policy.

THE COMPANY affirms this amendment.

J. C. Stewart
Secretary

• GOVERNMENT EMPLOYEES INSURANCE COMPANY •
AND GEICO GENERAL INSURANCE COMPANY

O. M. Nicely
President

A-431DE (03-04)

# FAMILY AUTOMOBILE POLICY AMENDMENT

## UNDERINSURED MOTORISTS COVERAGE

Policy Number:

We agree with you that any Uninsured Motorists coverage provided under the policy is amended to include Underinsured Motorists coverage subject to all policy provisions except as modified by this amendment.

When used in reference to this coverage, including this and other amendments forming a part of this policy:

a) The definition of "Uninsured Motor Vehicle" is amended to include "Underinsured Motor Vehicle."

b) "Underinsured Motor Vehicle" means a motor vehicle with respect to which the sum of the limits of li-

ability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the limits of liability under the Uninsured Motorist coverage of this policy.

c) We shall not be obligated to make any payment because of bodily injury to which this insurance applies and which arises out of the ownership, maintenance or use of an underinsured motor vehicle until after the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident have been exhausted by payment of judgments or settlements.

THE COMPANY affirms this amendment.

J. C. Stewart
Secretary

GOVERNMENT EMPLOYEES INSURANCE COMPANY
AND CEICO GENERAL INSURANCE COMPANY

O. M. Nicely
President

A-253 (11-86)

# GEICO

# Family Automobile Policy Amendment

Policy Number:

## Emergency Road Service Coverage

*Your* policy provisions are amended as follows:

**SECTION III**

**PHYSICAL DAMAGE COVERAGES**

**Emergency Road Service**

*You* have this coverage if "Emergency Road Service" appears in the "Coverages" space on the declarations page.

We will pay the fair cost *you* incur for the *owned* or *non-owned auto* for:

1. mechanical labor up to one hour at the place of breakdown;

2. lockout services up to $100 per lockout if keys to the auto are lost, broken or accidentally locked in the auto;

3. if it will not run, towing to the nearest repair facility where the necessary repairs can be made;

4. towing it out if it is stuck on or immediately next to a public highway;

5. delivery of gas, oil, loaned battery, or change of tire. WE DO NOT PAY FOR THE COST OF THE GAS, OIL, LOANED BATTERY, OR TIRE(S).

There will be a limit of one reimbursement per disablement.

We affirm this amendment.

J. C. Stewart
Secretary

O. M. Nicely
President

A-115 (02-02)



Policy Number:

# Automobile Policy Amendment

## Glass Repair/Replacement

*Your* policy is amended as follows:

**SECTION III - Physical Damage Coverages**

**LIMIT OF LIABILITY**

The following numbered paragraph is added:

6.  for glass repair or replacement, not to exceed the prevailing competitive price. Although you have the right to choose any glass repair facility or location, the limit of liability for *loss* to window glass is the cost to:

    (a)  repair; or

    (b)  replace

    such glass but will not exceed the prevailing

We affirm this amendment.

competitive price. This is the price we can secure from a competent and conveniently located glass repair facility. At *your* request, we will identify a glass repair facility that will perform the repairs at the prevailing competitive price.

*JC Stewart*

J. C. Stewart
Secretary

*O. M. Nicely*

O. M. Nicely
President

A-200 (7-02)

MAY-11-2006  16:28    GEICO    8636469727    P.016

# GEICO

GOVERNMENT EMPLOYEES INSURANCE COMPANY
ONE GEICO PLAZA, WASHINGTON, DC 20076-0001
TELEPHONE:1-800-841-7475    FAX: 1-540-286-4019

FAMILY AUTOMOBILE POLICY ENDORSEMENT DECLARATIONS
THIS IS A DESCRIPTION OF YOUR COVERAGE
PLEASE KEEP FOR YOUR RECORDS
PAGE 1

POLICY PERIOD FROM  04/15/05  TO  10/15/05 12:01 A.M. LOCAL TIME AT THE ADDRESS OF THE NAMED INSURED.

THE INSURED VEHICLE(S) WILL BE REGULARLY GARAGED IN THE TOWN AND STATE SHOWN IN ITEM 1, EXCEPT AS NOTED IN THE VEHICLE SEGMENT.

**POLICY NUMBER: 4025-02-78-32**

DATE ISSUED: 07/15/05
ENDORSEMENT EFFECTIVE:

CONTRACT TYPE: A30DE
07/16/05

Item 1: Named Insured and Address
JOHN P RANDO AND GAIL B RANDO
11484 SW 139TH ST
DUNNELLON FL 34432-8763

CONTRACT AMENDMENTS:    ALL VEHICLES~ A200

UNIT ENDORSEMENTS:    A115 (VEH 1), A253 (VEH 1), A431DE (VEH 1), UE119E (VEH 1)

---

* * * * * * * * * * IMPORTANT MESSAGES * * * * * * * * * * *

THIS POLICY CONTAINS A NAMED DRIVER EXCLUSION.

THE GEICO PROPERTY AGENCY CAN ARRANGE FOR YOUR HOMEOWNER'S, RENTER'S AND CON-DOMINIUM OWNER'S INSURANCE NEEDS. JUST CALL TOLL-FREE AT 1-888-306-9500. REFINANCING? LET US PROVIDE THE NEW HOMEOWNER'S POLICY YOU NEED.

A CREDIT OR DISCOUNT HAS BEEN APPLIED TO THIS POLICY: GOOD STUDENT.

---

INSURED COPY

U-31-DP  (1)

OVER

MAY-11-2006  16:29         GEICO                                    8636469727    P.017

## GOVERNMENT EMPLOYEES INSURANCE COMPANY

POLICY NUMBER: 4025-02-78-32          DATE ISSUED: 07/15/05                    PAGE 2
VEHICLE                               RATED LOCATION                          CLASS
1 96 HONDA  1HGCD7253TA037806         NEWARK DE 19702                         1 M 21SFP L

| COVERAGES | LIMITS OR DEDUCTIBLES | PREMIUMS | | |
|---|---|---|---|---|
| Coverage applies where a premium or 0.00 is shown for the vehicle | | VEH 1 | VEH | VEH |
| BODILY INJURY LIABILITY EACH PERSON/ EACH OCCURRENCE | $300,000/$300,000 | 499.90 | | |
| PROPERTY DAMAGE LIABILITY | $50,000 | 212.50 | | |
| PERSONAL INJURY PROTECTION INSURED AND RESIDENT RELATIVES | NON-DED | 163.10 | | |
| UNINSURED MOTORIST BODILY INJURY EACH PERSON/EACH OCCURRENCE PROPERTY DAMAGE - LESS $250 DEDUCTIBLE | $300,000/$300,000 $10,000 | 57.50 0.00 | | |
| COMPREHENSIVE | $100 DED | 113.80 | | |
| COLLISION | $1000 DED | 238.70 | | |
| EMERGENCY ROAD SERVICE | FULL | 8.80 | | |
| RENTAL REIMBURSEMENT | $25 PER DAY $750 MAX | 13.10 | | |

| SIX MONTH PREMIUM PER VEHICLE | $ 1307.40 | $ | $ |
|---|---|---|---|

If you elect to pay your premium in installments, you may be subject to an additional fee for each installment. The fee amount will be shown on your billing statements and is subject to change.

YOUR PREMIUMS ARE BASED ON THE FOLLOWING DISCOUNTS AND/OR SURCHARGES:
DISCOUNTS       GOOD STUDENT (VEH 1), PASSIVE RESTRAINT (VEH 1), SEATBELT (VEH 1), ANTI-LOCK BRAKES
                (VEH 1)

SURCHARGES

LIENHOLDER VEHICLE          LIENHOLDER VEHICLE          LIENHOLDER VEHICLE

U-31-DP          INSURED COPY                                                    (20)

# GEICO

ONE GEICO PLAZA
Washington, D. C. 20076-0001
Telephone: 1-800-841-3000

# Delaware Family Automobile Insurance Policy

Government Employees Insurance Company
GEICO Casualty Company
GEICO General Insurance Company
GEICO Indemnity Company

A-30DE (2-02)

# YOUR POLICY INDEX
Page

SECTION I - LIABILITY COVERAGES
Your Protection Against Claims From Others

Definition of Terms ............................................. 3
Losses We Will Pay ............................................ 3
Additional Payments We Will Make ...................... 3
   Legal Expenses and Court Costs
   Bail and Appeal Bonds
   First Aid Expenses
Exclusions: When These Coverages Do Not Apply ...... 4
Persons Insured: Who Is Covered ....................... 4
Financial Responsibility Laws ........................... 5
Limits of Our Liability ..................................... 5
When You Have "Other Insurance" For a Loss .......... 5
Conditions ....................................................... 5
   Notice: Reporting Your Loss If Suit is Brought
    Against You
   Two or More Automobiles Insured Under This
    Policy
   Your Assistance and Cooperation
   Action Against Us
   Subrogation

SECTION II - NO FAULT COVERAGES
Part I Personal Injury Protection
Part II Damage To Other Property

Definitions .................................................... 6
Part I
   Losses We Will Pay ..................................... 6
   Exclusions ................................................. 7
   Coverage Limits Deductible .......................... 7

Part II
   Losses We Will Pay ..................................... 7
   Exclusions ................................................. 7
   Limit of Compensation ................................ 7
   Arbitration ................................................ 7
   Excess Insurance Provisions ........................ 7
   Conditions ................................................. 8
    Notice
    Action Against Us
    Dental or Surgical Procedures
    Medical Reports-Part-I
    Duties In Event of Loss-Part II
    Non-Duplication of Benefits
    Subrogation

Section III - AUTOMOBILE MEDICAL PAYMENTS
Protection For You and Passengers for Medical Expenses

Definition of Terms .......................................... 8
Payments We Will Make: To Whom and When
   This Coverage Applies ................................. 8
Exclusions: When This Coverage Does Not Apply ...... 9
Limits of Liability ........................................... 9
Other Insurance .............................................. 9
Conditions ..................................................... 9
   Notice: Reporting Your Loss
   Two or More Autos
   Action Against Us
   Medical Reports

SECTION IV - PHYSICAL DAMAGE COVERAGES
Your Protection for Loss of or Damage to Your Car

Definitions ................................................... 10
Losses We Will Pay ....................................... 10
   Comprehensive Coverage ........................... 10
   Collision Coverage ................................... 11
Additional Payments We Will Make ................... 11
Exclusions: When These Coverages Do Not Apply .... 11
Limits of Liability ......................................... 11
Other Insurance ............................................ 12
Conditions ................................................... 12
   Notice: Reporting Your Loss
   Two or More Automobiles Insured Under
    This Policy
   Your Assistance and Cooperation
   Action Against Us
   Your Duties in Event of Loss
   Appraisal of Amount of Loss
   Payment of Loss
   No Benefit to Bailee
   Subrogation

SECTION V - UNINSURED MOTORISTS COVERAGE
Your Protection for Injuries Caused by Uninsured and
Hit and Run Motorists

Definition of Terms ........................................ 12
Losses We Pay .............................................. 13
Exclusions: When These Coverages Do Not Apply .... 13
Persons Insured ............................................ 14
Limits of Our Liability .................................... 14
Conditions ................................................... 14
   Notice
   Proof of Claim
   Your Assistance and Cooperation
   Other Insurance-Bodily Injury
   Other Insurance-Property Damage
   Arbitration
   Trust Agreement
   Payment of Loss
   Action Against Loss
   Subrogation

SECTION VI - GENERAL CONDITIONS
The Following Apply to All Coverages in This Policy

Territory ...................................................... 16
Premium: How Adjustments Are Made ............... 16
Changes to Your Policy ................................... 16
Assignment of Your Interest ............................ 16
Policy Period ................................................ 16
Cancellation of the Policy ................................ 16
   By You
   By Us
   By Us Is Limited
Renewal of Your Policy ................................... 18
Other Insurance ............................................ 18
Dividend Provision ........................................ 18
Disposal of Vehicle ........................................ 18
Examination Under Oath ................................. 18
Enforcement of Exclusions .............................. 18
Dividend Provision ........................................ 18
Declarations: Your Agreements ........................ 18
Fraud and Misrepresentation ........................... 18
Conformity With Statutes ................................ 18

Section VII - AMENDMENTS AND ENDORSEMENTS
Special Endorsement - United States Government Em-
ployees ....................................................... 19

A-30DE (2-02)

Whenever, "he," "his," "him," "himself" appears in this policy, you may read "she," "her," "hers," or "herself."

## AGREEMENT

We, the Company named in the declarations attached to this policy, make this agreement with *you*, the policyholder. Relying on the information *you* have furnished and the declarations attached to this policy and if *you* pay *your* premium when due, we will do the following:

## SECTION 1 - LIABILITY COVERAGES

Bodily Injury Liability and Property Damage Liability Your Protection Against Claims From Others

### DEFINITIONS

The words italicized in Section 1 of this policy are defined below.

1.  *"Auto business"* means the business of selling, repairing, servicing, storing, transporting or parking of autos.

2.  *"Bodily injury"* means bodily injury to a person, including resulting sickness, disease or death.

3.  *"Farm auto"* means a truck type vehicle with a load capacity of 2000 pounds or less, not used for commercial purposes other than farming.

4.  *"Insured"* means a person or organization described under "Persons Insured."

5.  *"Non-owned auto"* means an automobile or *trailer* not owned by or furnished for the regular use of either *you* or a *relative*, other than a *temporary substitute auto*. An auto rented or leased for more than 30 days will be considered as furnished for regular use.

6.  *"Owned auto"* means:

    (a) a vehicle described in this policy for which a premium charge is shown for these coverages;

    (b) a *trailer* owned by *you*;

    (c) a *private passenger, farm* or *utility auto*, ownership of which *you* acquire during the policy period or for which *you* enter into a lease during the policy period for a term of six months or more, if:

        (i) it replaces an *owned auto* as defined in (a) above; or

        (ii) we insure all *private passenger, farm* and *utility autos* owned or leased by *you* on the date of the acquisition, and *you* ask us to add it to the policy no more than 30 days later;

    (d) a *temporary substitute auto*

7.  *"Private passenger auto"* means a four-wheel private passenger, station wagon or jeep-type auto.

8.  *"Relative"* means a person related to *you* who resides in *your* household.

9.  *"Temporary substitute auto"* means an automobile or *trailer*, not owned by *you*, temporarily used with the permission of the owner. This vehicle must be used as a substitute for the *owned auto* or *trailer* when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction.

10.  *"Trailer"* means a *trailer* designed to be towed by a *private passenger auto*, if not being used for business or commercial purposes with a vehicle other than a *private passenger, farm* or *utility auto*.

11.  *"Utility auto"* means a vehicle, other than a *farm auto*, with a load capacity of 2000 pounds or less of the pick-up body, van or panel truck type not used for commercial purposes.

12.  *"War"* means armed conflict between nations, whether or not declared, civil war, insurrection, rebellion or revolution.

13.  *"You"* means the policyholder named in the declarations and his or her spouse if a resident of the same household.

### LOSSES WE WILL PAY

Under Section 1, we will pay damages which an *insured* becomes legally obligated to pay because of:

1.  *bodily injury*, sustained by a person, or

2.  damage to or destruction of property

arising out of the ownership, maintenance or use of the *owned auto* or a *non-owned auto*. We will defend any suit for damages payable under the terms of this policy. We may investigate and settle any claim or suit.

### ADDITIONAL PAYMENTS WE WILL MAKE UNDER THE LIABILITY COVERAGES

1.  All investigative and legal costs incurred by us.

2.  All court costs charged to an *insured* in a covered lawsuit.

3.  All interest accruing on that amount of a judgment which is within our limit of liability accruing after the entry of judgment until we have paid, offered, or deposited in court, that part of the judgment not exceeding the limit of our liability.

4.  Premiums for appeal bonds in a suit we appeal, or premiums for bonds to release attachments; but the face amount of these bonds may not exceed the applicable limit of liability.

5. Premiums for bail bonds paid for an *insured* due to traffic law violations arising out of the use of an insured auto, not to exceed $250 per bail bond.

6. Costs incurred by any *insured* for first aid to others at the time of an accident involving an insured auto

7. Loss of earnings up to $50 a day, but not other income, if we request an *insured* to attend hearings and trials.

8. All reasonable costs incurred by an *insured* at our request.

## EXCLUSION

### When Section 1 Does Not Apply

1. Section I does not apply to any vehicle used to carry passengers or goods for hire. However, a vehicle used in an ordinary car pool or a ride sharing or cost sharing basis is covered.

2. *Bodily injury* or property damage caused intentionally by or at the direction of an *insured* is not covered.

3. We do not cover *bodily injury* or property damage that is insured under a nuclear liability policy.

4. *Bodily injury* or property damage arising from the operation of farm machinery is not covered.

5. *Bodily injury* to an employee of an *insured* arising out of and in the course of employment by an *insured* is not covered.

However, *bodily injury* of a domestic employee of the *insured* is covered unless benefits are payable or are required to be provided under a workers' or workmen's compensation law.

6. We do not cover *bodily injury* to a fellow employee of an *insured* (other than *you*) injured in the course of his employment if the *bodily injury* arises from the use of an auto in the business of his employer.

7. We do not cover an *owned auto* while used by a person (other than *you* or a *relative*) when he is employed or otherwise engaged in the *auto business.*

8. A *non-owned auto* while maintained or used by a person while he is employed or otherwise engaged in

   (a) any *auto business* if the accident arises out of that business;

   (b) any other business or occupation of any *insured* if the accident arises out that business or occupation, except a *private* passenger auto used by *you* or *your* chauffeur or domestic servant while engaged in such other business.

9. We do not cover damage to:

   (a) property owned, or transported by an *insured*; or

   (b) property rented to or in charge of an *insured* other than a residence or private garage.

10. We do not cover an auto acquired by *you* during the policy term, if *you* have purchased other liability insurance for it.

11. We do not cover:

   (a) the United States of America or any of its Agencies;

   (b) any person, including *you*, if protection is afforded under the provisions of the Federal Tort Claims Act.

12. We do not cover *bodily injury* or property damage that results from the operation of a *non-owned auto* or *temporary substitute auto* that is designed for use principally off public roads that is not registered for use on public roads.

13. We do not cover punitive or exemplary damages awarded due to a loss where an *insured* is legally intoxicated or under the influence of illegal narcotics or narcotics used illegally by an *insured* at or proximate to the time of the loss.

14. *Bodily injury* or property damage that results from nuclear exposure or explosion including resulting fire, radiation or contamination is not covered.

15. *Bodily injury* or property damage that results from bio-chemical attack or exposure to bio-chemical agents is not covered.

## PERSONS INSURED

### Who Is Covered

Section 1 applies to the following as *insureds* with regard to an *owned auto*:

1. *you* and *your relatives*;

2. any other person using the auto with *your* permission. The actual use must be within the scope of that permission;

3. any other person or organization for his or its liability because of acts or omissions of an *insured* under 1 or 2 above.

Section 1 applies to the following with regard to a *non-owned auto*:

1. (a) *you*;
   (b) *your relatives* when using a private *passenger auto, utility auto, farm auto,* or *trailer*.

   Such use by *you* or *your relatives* must be with the permission, or reasonably believed to be with the permission, of the owner and within the scope of that permission.

2. a person or organization, not owning or hiring the auto, regarding his or its liability because of acts or omissions of an *insured* under 1 above.

The limits of liability stated in the declarations are our maximum obligations regardless of the number of *insureds* involved in the occurrence.

## FINANCIAL RESPONSIBILITY LAWS

When this policy is certified as proof of financial responsibility for the future under the provisions of a motor vehicle financial responsibility law, this liability insurance will comply with the provisions of that law. The *insured* agrees to reimburse us for payments made by us which we would not have had to make except for this agreement.

When the policy applies to the operation of a motor vehicle outside of *your* state, we agree to increase *your* coverages to the extent required of out-of-state motorists by local law. This additional coverage will be reduced to the extent that *you* are protected by another automobile insurance policy. No person can be paid more than once for any item of loss.

## LIMITS OF LIABILITY

Regardless of the number of autos or *trailers* to which this policy applies:

1. The limit of bodily injury liability stated in the declarations as applicable to "each person" is the limit of our liability for all damages, including damages for care and loss of services, because of *bodily injury* sustained by one person as the result of one occurrence.

2. The limit of such liability stated in the declarations as applicable to "each occurrence" is, subject to the above provision respecting each person, the total limit of our liability for all such damages, including damages for care and loss of services, because of *bodily injury* sustained by two or more persons as the result of any one occurrence.

3. The limit of property damage liability stated in the declarations as applicable to "each occurrence" is the total limit of our liability for all damages because of injury to or destruction of the property of one or more persons or organizations, including the loss of use of the property as the result of any one occurrence.

## OTHER INSURANCE

If the *insured* has other insurance against a loss covered by Section 1 of this policy, we will not owe more than our pro rata share of the total coverage available.

Any insurance we provide for losses arising out of the ownership, maintenance or use of a vehicle *you* do not own shall be excess over any other valid and collectible insurance.

## CONDITIONS

The following conditions apply to Section I:

1. NOTICE

As soon as possible after an occurrence, written notice must be given us or our authorized agent stating:

(a) the identity of the *insured*;

(b) the time, place and details of the occurrence;

(c) the names and addresses of the injured, and of any witnesses; and

(d) the names of the owners and the description and location of any damaged property.

If a claim or suit is brought against an *insured*, he must promptly send us each demand, notice, summons or other process received.

2. TWO OR MORE AUTOS

If this policy covers two or more autos, the limit of coverage applies separately to each. An auto and an attached *trailer* are considered to be one auto.

3. ASSISTANCE AND COOPERATION OF THE *INSURED*

The *insured* will cooperate and assist us, if requested:

(a) in the investigation of the occurrence;

(b) in making settlements;

(c) in the conduct of suits; and

(d) in enforcing any right of contribution or indemnity against any legally or responsible person or organization because of *bodily injury* or property damage; and

(e) at trials and hearings;

(f) in securing and giving evidence; and

(g) by obtaining the attendance of witnesses.

Only at his own cost will the *insured* make a payment, assume any obligation or incur any cost other than for first aid to others.

4. ACTION AGAINST US

No suit will lie against us:

(a) unless the *insured* has fully complied with all the policy's terms and conditions; and

(b) until the amount of the *insured's* obligation to pay has been finally determined, either

(i) by a final judgment against the *insured* after actual trial; or

(ii) by written agreement of the *insured*, the claimant and us.

A person or organization or the legal representative of either, who secures a judgment or written agreement, may then sue to recover up to the policy limits.

No person or organization, including the *insured*, has a right under this policy to make us a defendant in an action to determine the *insured's* liability.

Bankruptcy or insolvency of the *insured* or his estate will not relieve us of our obligations.

## 5.  SUBROGATION

When payment is made under this policy, we will be subrogated to all the *insured's* rights of recovery against others. The *insured* will help us to enforce these rights.

The *insured* will do nothing after loss to prejudice these rights

This means we will have the right to sue for or otherwise recover the loss from anyone else who may be held responsible.

## SECTION II - NO FAULT COVERAGES

### Part I Personal Injury Protection

Protection for Eligible Injured Persons for Medical Expenses, Funeral Expenses, Loss of Earnings and Substitute Service Expenses.

### PERSONAL INJURY PROTECTION OPTIONS

| Option: | Deductible: | Applicable to: |
|---|---|---|
| 1 | None | You and Members of Your Household |
| 2 | $ 250 | You Only |
| 3 | $ 500 | You Only |
| 4 | $1,000 | You Only |
| 5 | $ 250 | You and Members of Your Household |
| 6 | $ 500 | You and Members of Your Household |
| 7 | $1,000 | You and Members of Your Household |

### Part II Damage to Other Property

Protects *You* Against Claims from Others for Damage to Property Other than a Motor Vehicle.

### DEFINITIONS

The definitions of *Bodily Injury* and *You* shown in Section I apply to these coverages. In addition, the following special definitions apply.

1.  *"Funeral Expenses "* means reasonable and necessary expenses incurred within 2 years of the accident for professional funeral services and all customary charges, which may include a burial plot for one person.

2.  *"Injured Person "* means

(a) a person injured while in the *insured motor vehicle;*

(b) a person injured in an accident involving the *insured motor vehicle,* except occupants of other motor vehicles. However, pedestrians other than *you* or *members of your household* are injured persons only if they are injured by an accident with any *motor vehicle* within Delaware;

(c) *you* and *members of your household* if injured while a pedestrian or while in or on any *motor vehicle.*

3.  *"Insured Motor Vehicle"* in Part I means a Delaware registered *motor vehicle* owned by *you* to which the bodily injury liability coverage of this policy applies. *"Insured Motor Vehicle"* in Part II means a Delaware registered *motor vehicle* owned by *you* to which the property damage liability coverage of this policy applies.

4.  *"Loss of Earnings"* means loss of salary, or its equivalent after taxes, which was lost because of an *injured person's* inability to work. This covers loss of wages, salary, or lost earnings as a self-employed person. Payment is to be made at the actual time they are lost.

5.  *" Medical Expenses "* means reasonable expenses for necessary medical, hospital, dental, surgical, x-ray, ambulance and professional nursing services, prosthetic devices, and treatment by recognized religious healers.

6.  *"Member of Your Household"* means persons in *your* immediate family not having a separate household, and other dependents who reside with *you.*

7.  *"Motor Vehicle"* in Part I means a land motor vehicle, including an attached *trailer,* designed to transport persons or property on a public highway. Devices moved by human or animal power or those which are used only on fixed rails or tracks are not included. *" Motor Vehicle"* in Part II means all self-propelled mobile equipment.

8.  *"Substitute Services Expenses "* means reasonable and necessary extra expenses for personal services which the *injured person* would have performed but for the injury.

9.  *"You"* means the policyholder named in the declarations and also his or her spouse if a resident of the same household.

### PERSONAL INJURY PROTECTION PART I

#### LOSSES WE WILL PAY

We will pay to or for the *injured person:*

(a) *medical expenses;*

(b) *funeral expenses;*

(c) *loss of earnings;* and

(d) *substitute service expenses*

resulting from *bodily injury* to the *injured person* and incurred within two years of an accident arising out of the ownership, maintenance or use of a *motor vehicle* as a *motor vehicle*.

## EXCLUSIONS

1. There is no coverage while the *insured motor vehicle* is being used as a taxi or rental vehicle unless the use is so described in the policy.

2. There is no coverage for a person occupying a *motor vehicle* located for use as a residence or premises.

3. There is no coverage for injuries caused by nuclear radiation or explosion.

4. There is no coverage for injuries caused by war, whether or not declared, civil war, insurrection, rebellion or revolution.

5. There is no coverage for persons using the *insured motor vehicle* without *your* consent.

6. There is no coverage for intentionally self-inflicted injuries.

7. A person convicted of driving under the influence of alcohol or narcotics is not covered for *bodily injury* arising from this conduct.

8. Any person injured while committing a felony is not covered.

9. There is no coverage for pedestrians, other than *you* and *members of your household*, injured outside of Delaware.

10. *You* and *members of your household* are not covered if injured while in, or through being struck by, a *motor vehicle* covered by another Delaware no-fault policy.

11. *You* and *members of your household* are not covered if injured while in, or through being struck by, any *motor vehicle* which is not covered by Delaware no-fault insurance if it is owned by or available for the use of *you* or a *member of your household*.

## COVERAGE LIMITS-DEDUCTIBLE

Regardless of the number of policies available, claims made or *insured motor vehicles* or persons to which this insurance applies, we will pay total benefits of no more than $30,000 for *bodily injury* sustained in any one accident. However, no more than $15,000 will be paid to any one *injured person*. Included with these limits are *funeral expenses* of no more than $5,000 per person.

We will subtract any deductible *you* may have selected from the total amount otherwise payable within these limits for any one accident. The household deductible will be subtracted from the total amount payable to *you* and *members of your household*.

## PART II

DAMAGE TO PROPERTY OTHER THAN A MOTOR VEHICLE

### LOSSES WE WILL PAY

We will pay without regard to fault for *property damage* sustained in an accident involving the *insured motor vehicle* and occurring in the State of Delaware during the policy period. However, this coverage does not apply to damage to a *motor vehicle*.

## EXCLUSIONS

### When Part II Does Not Apply

1. There is no coverage while the *insured motor vehicle* is being used as a taxi or rental vehicle unless its use is so described in the policy.

2. There is no coverage for damage to property while the *insured motor vehicle* is located for use as a residence or premises.

3. There is no coverage for damage caused by nuclear radiation or explosion.

4. There is no coverage for damage caused by war, whether or not declared, civil war, insurrection, rebellion or revolution.

5. There is no coverage for damage arising from the use of the *insured motor vehicle* without *your* consent.

6. There is no coverage for damage to aircraft, watercraft, self-propelled mobile equipment, nor for any property in or upon them.

7. There is no coverage for damage to any property in or upon any *motor vehicle*.

8. There is no coverage for damage to any property owned by, rented to, or leased by *you* or a *member of your household*.

### LIMIT OF COMPENSATION

We will pay up to $10,000 for damage to property in any one accident. This limit applies regardless of the number of policies available, claims made or *insured motor vehicles* or persons to which this insurance applies.

### ARBITRATION

We will submit to arbitration any disputed claim for Personal Injury Protection benefits or for damage to a *motor vehicle*, including loss of use of that vehicle. The person claiming loss or damage must send a written request for arbitration to the Delaware Insurance Commissioner within 90 days from the date of an offer for settlement or denial of coverage or liability has been made by us.

### EXCESS INSURANCE PROVISION

*You* must first exhaust all benefits payable under Parts I and II before any Medical Payments or Uninsured Motorists Coverage provided by this policy will apply.

Medical Payments or Uninsured Motorists Coverage cannot be used to recover any Personal Injury Protection deductible. Personal Injury Protection is excess over any similar insurance for passengers, other than Delaware residents, when the accident occurs outside of Delaware.

## CONDITIONS

These conditions apply to both Parts I and II unless otherwise noted.

### 1. NOTICE

As soon as possible after an accident, notice must be given us or our authorized agent stating:

   (a) the time, place and details of the accident; and

   (b) the names and addresses of the *injured persons*, and of any witnesses; and

   (c) the names of the owners and location of any damaged property.

Under Part I, if an *injured person* or his legal representative files suit against a third party to recover damages, he must immediately provide us with a copy of the pleadings.

### 2. ACTION AGAINST US

Suit will not lie against us unless there has been full compliance with all of the terms of this insurance.

### 3. DENTAL OR SURGICAL PROCEDURES

Dental or surgical procedures which cannot be per-formed within 2 years of an accident are covered if a qualified doctor certifies in writing that the delay is necessary. Any related *medical expenses* or *loss of earnings* will also be covered.

We have the option to pay such expenses in advance or as they are incurred.

### 4. MEDICAL REPORTS - PROOF OF CLAIM - PART I

As soon as possible, the *injured person* or his representative will furnish us with written proof of claim, under oath if required. After each request from us he will give us written authority to obtain medical reports, copies of records and *loss of earnings* information. The *injured person* will submit to examination at our expense by doctors chosen by us, as we may reasonably require.

### 5. DUTIES IN EVENT OF LOSS PART II

In the event of loss:

   (a) The damaged property must be protected, and further loss resulting from failure to protect the property is not covered. We will pay reasonable expenses incurred for this protection

   (b) Within 91 days after loss, a sworn proof of loss including all information we may reasonably require must be filed with us.

   (c) At our request, the damaged property must be shown to us and the owner or custodian must submit to examination under oath.

### 6. NON-DUPLICATION OF BENEFITS - OTHER INSURANCE

#### PART I

No *injured person* may collect more than once for the same losses or expenses under this or any other auto policy. If the *injured person* has other Delaware No-Fault coverage available, we will not owe more than our pro rata share of the total coverage.

This insurance is excess over similar insurance available to any person injured because of the use or operation of a vehicle not covered by a Delaware No-Fault policy.

This insurance is also excess over similar insurance available to non-Delaware residents injured in an *insured motor vehicle* outside of Delaware.

#### PART II

We will pay for damage to property covered by other collectible property insurance only if the operator of the *insured motor vehicle* is legally liable for the damage. Any dispute as to liability will be resolved by arbitration.

### 7. SUBROGATION

When any payment is made under this insurance we have the right to recover the loss from anyone who may be held responsible. Our right of recovery is limited to the maximum amounts of the responsible party's liability insurance coverage available. Any person to whom we make payment must help us enforce the right of recovery. He must do nothing after the loss to prejudice this right.

## SECTION III - MEDICAL PAYMENTS

### Protection For *You* and *Your* Passengers For Medical Expenses

#### DEFINITIONS

The definitions of terms shown under Section I apply to this Coverage. In addition, under this Coverage, *occupying* means in or upon or entering into or alighting from an auto.

#### PAYMENTS WE WILL MAKE

Under this Coverage, we will pay all reasonable expenses actually incurred by an *insured* within one year from the date of accident for necessary medical, surgical, x-ray, dental services, prosthetic devices, ambulance, hospital, professional nursing and funeral services. The one year limit does not apply to funeral services.

You must first exhaust all benefits payable under Personal Injury Protection before any Medical Payments Coverage provided will apply. Medical Payments cannot be used to recover any Personal Injury Protection deductible.

This Coverage applies to:

1. **you** and each **relative** who sustains **bodily injury** caused by accident:

   (a) while **occupying** the **owned auto**; or

   (b) while **occupying** a **non-owned auto** if **you** or **your relative** reasonably believe **you** have the owner's permission to use the auto and the use is within the scope of that permission; or

   (c) when struck as a pedestrian by an auto or **trailer**.

2. any other person who sustains **bodily injury** caused by accident while **occupying** the **owned auto** while being used by **you**, a resident of **your** household, or other persons with **your** permission.

## EXCLUSIONS

### When This Coverage Does Not Apply

1. There is no coverage for **bodily injury** sustained by any occupant of an **owned auto** used to carry passengers or goods for hire. However, a vehicle used in an ordinary car pool on a ride sharing or cost sharing basis is covered.

2. There is no coverage for an **insured** while **occupying** a vehicle located for use as a residence or premises.

3. **You** and **your relatives** are not covered for **bodily injury** sustained while **occupying** or when struck by:

   (a) a farm-type tractor or other equipment designed for use principally off public roads, while not upon public roads; or

   (b) a vehicle operated on rails or crawler-treads.

4. There is no coverage for persons employed in the **auto business**, if the accident arises out of that business and if benefits are required to be provided under a worker's or workmen's compensation law.

5. There is no coverage for **bodily injury** sustained due to **war**.

6. The United States of America or any of its Agencies are not covered as an **insured**, a third party beneficiary, or otherwise.

7. There is no coverage for **bodily injury** that results from nuclear exposure or explosion including resulting fire, radiation or contamination.

8. There is no coverage for **bodily injury** that results from bio-chemical attack or exposure to bio-chemical agents.

## LIMIT OF LIABILITY

The limit of liability for medical payments stated in the declarations as applying to " each person" is the limit we will pay for all costs incurred by or on behalf of each person who sustains **bodily injury** in one accident. This applies regardless of the number of persons insured or the number of autos or **trailers** to which this policy applies.

## OTHER INSURANCE

If the **insured** has other medical payments insurance against a loss covered by Section II of this policy. we will not owe more than our pro rata share of the total coverage available.

Any insurance we provide to a person who sustains **bodily injury** while **occupying** a vehicle **you** do not own shall be excessive any other valid and collectible insurance.

## CONDITIONS

The following conditions apply to this Coverage:

1. NOTICE

As soon as possible after an accident, written notice must be given us or our authorized agent stating:

   (a) the identity of the **insured**;

   (b) the time, place and details of the accident; and

   (c) the names and addresses of the injured, and of any witnesses.

2. TWO OR MORE AUTOS

If this policy covers two or more autos, the limit of coverage applies separately to each . An auto and an attached **trailer** are considered to be one auto.

3. ACTION AGAINST US

Suit will not lie against us unless the **insured** has fully complied with all the policy terms.

4. MEDICAL REPORTS - PROOF AND PAYMENT OF CLAIMS

As soon as possible, the injured person or his representative will furnish us with written proof of claim, under oath if required. After each request from us, he will give us written authority to obtain medical reports and copies of records.

The injured person will submit to an examination by doctors chosen by us and at our expense as we may reasonably require.

We may pay either the injured person, the doctor or other persons or organizations rendering medical services. These payments are made without regard to fault or legal liability of the **insured**.

## SECTION IV· PHYSICAL DAMAGE COVERAGES
### Your Protection for Loss or Damage To Your Car

### DEFINITIONS

The definitions of the terms *"auto business," "farm auto," "private passenger auto," "relative," temporary substitute auto," "utility auto," "you, " and "war"* under Section I apply to Section IV also. Under this Section, the following special definitions apply:

1.  *"Actual Cash Value"* is the replacement cost of the auto or property less *depreciation* or *betterment*.

2.  *"Betterment "* is the improvement of the auto or property to a value greater than its pre-loss condition.

3.  *"Collision"* means loss caused by upset of the covered auto or its collision with another object, including an attached vehicle.

*Losses* caused by the following are comprehensive *losses:*

(a) missiles;
(b) falling objects;
(c) fire;
(d) lightning;
(e) theft;
(f) larceny;
(g) explosion;
(h) earthquake;
(i) windstorm;
(j) hail;
(k) water;
(l) flood;
(m) malicious mischief;
(n) vandalism;
(o) riot;
(p) civil commotion; or
(q) colliding with a bird or animal.

4.  *"Depreciation"* means a decrease or loss in value to the auto or property because of use, disuse, physical wear and tear, age, outdatedness, or other causes.

5.  *"Insured"* means:

    (a) regarding the *owned auto*:

        (i) *you* and *your relatives*;
        (ii) a person or organization maintaining, using or having custody of the auto with *your* permission, if his use is within the scope of that permission.

    (b) regarding a *non-owned auto*:

    *you* and *your relatives*, using the auto, if the actual operation or use is with the permission or reasonably believed to be with the permission of the owner and within the scope of that permission.

6.  *"Loss"* means direct and accidental loss of or damage to:

(a) the auto, including its equipment; or
(b) other *insured* property.

7.  *"Non-owned auto"* means a *private passenger auto*, *utility auto*, *farm auto* or *trailer* not owned by or furnished for the regular use of either *you* or *your relatives*, except a *temporary substitute auto*. *You* or *your relative* must be using the auto or *trailer* within the scope of permission given by its owner. An auto rented or leased for more than 30 days will be considered as furnished for regular use.

8.  *"Owned auto"* means:

    (a) any vehicle described in this policy for which a specific premium charge indicates there is coverage;

    (b) a *private passenger*, *farm* or *utility auto* or a *trailer*, ownership of which is acquired by *you* during the policy period or for which you enter into a lease during the policy period for a term of six months or more; if

        (i) it replaces an *owned auto* as described in (a) above, or
        (ii) we insure all *private passenger*, *farm utility autos* and *trailers* owned or leased by *you* on the date of such acquisition and *you* request us to add it to the policy within 30 days afterward;

    (c) a *temporary substitute auto*.

9.  *"Trailer"* means a trailer designed for use with a *private passenger auto* and not used as a home, office, store, display or passenger trailer.

### LOSSES WE WILL PAY
Comprehensive (Excluding Collision)

1.  We will pay for each *loss*, less the applicable deductible, caused other than by *collision* to the *owned* or *non-owned auto*. This includes glass breakage.

No deductible will apply to *loss*, caused by fire, lightning, smoke, smudge, or damage sustained while the vehicle is being transported on any conveyance.

At the option of the *insured*, breakage of glass caused by *collision* may be paid under the collision coverage, if included in the policy.

2.  We will pay, up to $200 per occurrence, less the applicable deductible, for *loss* to personal effects due to:

(a) fire;
(b) lightning;
(c) flood;
(d) falling objects;
(e) earthquake;
(f) explosion; or

(g) theft of the entire automobile.

No deductible will apply due to *loss* from fire or lightning.

The property must be owned by *you* or a *relative*, and must be in or upon an *owned auto*.

3. *Losses* arising out of a single occurrence shall be subject to no more than one deductible.

Collision

1. We will pay for *collision loss* to the *owned* or *non-owned auto* for the amount of each *loss* less the applicable deductible.

2. We will pay up to $200 per occurrence, less the applicable deductible, for *loss* to personal effects due to a *collision*. The property must owned by *you* or a *relative*, and must be in or upon an *owned auto*.

3. *Losses* arising out of a single occurrence shall be subject to no more than one deductible.

## ADDITIONAL PAYMENTS WE WILL MAKE UNDER THE PHYSICAL DAMAGE COVERAGES

1. We will reimburse the *insured* for transportation expenses incurred during the period beginning 48 hours after a theft of the entire auto covered by comprehensive coverage under this policy has been reported to us and the police. Reimbursement ends when the auto is returned to use or we pay for the *loss*.

Reimbursement will not exceed $20.00 per day nor $600.00 per *loss*.

2. We will pay for *loss* to any of the following equipment (including *loss* to accessories and antennas):

   a.   car phone;
   b.   citizen's band radio;
   c.   two way band radio;
   d.   scanning monitor receiver; or
   e.   device designed for the recording, and/or reproduction of sound.

We will pay only if the equipment at the time of *loss*:

   a.   is permanently installed in or upon an *owned auto*; and
   b.   that auto is *insured* under the appropriate coverage.

3. We will pay general average and salvage charges for which the *insured* becomes legally liable when the auto is being transported.

## EXCLUSIONS

When the Physical Damage Coverages Do Not Apply

1. An auto used to carry passengers or goods for hire is not covered. However, a vehicle used in an ordinary car pool on a ride sharing or cost sharing basis is covered.

2. *Loss* due to *war* is not covered.

3. We do not cover *loss* to a *non-owned auto* when used by the *insured* in the *auto business*.

4. There is no coverage for *loss* caused by and limited to wear and tear, freezing, mechanical or electrical breakdown or failure, unless that damage results from a covered theft.

5. Tires, when they alone are damaged by *collision*, are not covered.

6. *Loss* due to radioactivity is not covered.

7. We do not cover *loss* to any radar or laser detector.

8. *Loss* to any tape, wire, record disc or other medium for use with a device designed for the recording and/or reproduction of sound is not covered.

9. We do not cover *trailers* when used for business or commercial purposes with vehicles other than *private passenger*, *farm* or *utility autos*.

10. We do not cover *loss* to an *owned auto* or a *non-owned auto* that results from the action or inaction of any governmental or civil authorities because *you*, a *relative* or anyone else in possession or custody of that vehicle is engaged or is accused of engaging in illegal acts whether or not convicted by that governmental authority.

11. There is no coverage for *loss* that results from nuclear exposure or explosion including resulting fire, radiation or contamination.

12. There is no coverage for *loss* that results from bio-chemical attack or exposure to bio-chemical agents.

## LIMIT OF LIABILITY

The limit of our liability for *loss*:

1. is the *actual cash value* of the property at the time of the *loss*.

2. will not exceed the cost to repair or replace the property, or any of its parts, with other of like kind and quality and will not include compensation for any diminution in the property's value that is claimed to result from the *loss*.

3. to personal effects arising out of one occurrence is $200.

4. to a *trailer* not owned by *you* is $500.

5. for custom options is limited to the *actual cash value* of equipment, furnishings or finishing (including paint) installed in or upon the vehicle only by the auto factory or an authorized auto dealer and included in the purchase price of the vehicle.

*Actual cash value* of property will be determined at the time of the *loss* and will include an adjustment for *depreciation/betterment* and for the physical condition of the property.

## OTHER INSURANCE

If the *insured* has other insurance against a *loss* covered by Section IV, we will not owe more than our pro rata share of the total coverage available.

Any insurance we provide for a vehicle *you* do not own shall be excess over any other collectible insurance.

## CONDITIONS

The following conditions apply only to the Physical Damage Coverages:

### 1. NOTICE

As soon as possible after a *loss*, written notice must be given us or our authorized agent stating:

(a) the identity of the *insured*;
(b) a description of the auto or *trailer*;
(c) the time, place and details of the *loss*; and
(d) the names and addresses of any witnesses

In case of theft, the *insured* must promptly notify the police.

### 2. TWO OR MORE AUTOS

If this policy covers two or more autos, the limit of coverage and any deductibles apply separately to each.

### 3. ASSISTANCE AND COOPERATION OF THE *INSURED*

The *insured* will cooperate and assist us, if requested:

(a) in the investigation of the *loss*;
(b) in making settlements;
(c) in the conduct of suits; and
(d) in enforcing any right of subrogation against any legally responsible person or organization;
(e) at trials and hearings;
(f) in securing and giving evidence; and
(g) by obtaining the attendance of witnesses.

### 4. ACTION AGAINST US

Suit will not lie against us unless the policy terms have been complied with and until 30 days after proof of loss is filed and the amount of *loss* is determined.

### 5. *INSURED'S* DUTIES IN EVENT OF *LOSS*

In the event of *loss* the *insured* will:

(a) Protect the auto, whether or not the *loss* is covered by this policy. Further *loss* due to the *insured's* failure to protect the auto will not be covered. Reasonable expenses incurred for this protection will be paid by us.

(b) File with us, within 91 days after *loss*, his sworn proof of loss including all information we may reasonably require

(c) At our request, the *insured* will exhibit the damaged property.

### 6. APPRAISAL

If we and the *insured* do not agree on the amount of *loss*, either may, within 60 days after proof of loss is filed, demand an appraisal of the *loss*. In that event, we and the *insured* will each select a competent appraiser. The appraisers will select a competent and disinterested umpire. The appraisers will state separately the *actual cash value* and the amount of the *loss*. If they fail to agree, they will submit the dispute to the umpire. An award in writing of any two will determine the amount of *loss*. We and the *insured* will each pay his chosen appraiser and will bear equally the other expenses of the appraisal and umpire.

We will not waive our rights by any of our acts relating to appraisal.

### 7. PAYMENT OF *LOSS*

We may at our option:

(a) pay for the *loss*; or
(b) repair or replace the damaged or stolen property.

At any time before the *loss* is paid or the property replaced, we may return any stolen property to *you* or to the address shown in the declarations at our expense with payment for covered damage. We may take all or part of the property at the agreed or appraised value, but there will be no abandonment to us. We may settle claims for *loss* either with the *insured* or the owner of the property.

### 8. NO BENEFIT TO BAILEE

This insurance does not apply directly or in directly to the benefit of a carrier or other bailee for hire liable for the *loss* of the auto.

### 9. SUBROGATION

When payment is made under this policy we will be subrogated to all the *insured's* rights of recovery against others. The *insured* will help us to enforce these rights. The *insured* will do nothing after *loss* to prejudice these rights.

This means we will have the right to sue for or otherwise recover the *loss* from anyone else who may be held responsible.

## SECTION V - UNINSURED MOTORISTS COVERAGE

### Protection For *You* and *Your* Passengers For Injuries Caused By Uninsured and Hit and Run Motorists

## DEFINITIONS

The words italicized in this section are defined below.

1. *"Bodily Injury"* means bodily injury, sickness, or disease, including death, sustained by *you*, *your relatives* or any other person *occupying* an *insured auto* with *your* consent.

2.  *"Hit-and-Run Auto"* means a motor vehicle causing *bodily injury* to an *insured*, or *property damage*, through physical contact with him or with the insured motor vehicle or by a non-contact vehicle whose operator and owner cannot be identified. The *insured*, or someone on his behalf, must:

    (a) report the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles; and

    (b) file with us within 30 days a statement setting forth the facts of the accident and claiming that he has a cause of action for damages against an unidentified person

3.  *"Insured"* means:

    (a) the individual named in the declarations and his or her spouse if a resident of the same household;

    (b) relatives of (a) above if residents of his household;

    (c) any other person while *occupying* an *owned auto*;

    (d) any person who is entitled to recover damages because of *bodily injury* or *property damage* sustained by an *insured* under (a), (b), and (c) above.

If there is more than one *insured*, our limits of liability will not be increased.

4.  *"Insured Auto"* is an auto:

    (a) described in the declarations and covered by the bodily injury and property damage liability coverages of this policy;

    (b) temporarily substituted for an *insured auto* when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction; or

    (c) operated by *you* or *your* spouse if a resident of the same household.

      But the term *"insured auto"* does not include:

      (i) an auto used to carry passengers or goods for hire except in a car pool;

      (ii) an auto being used without the owner's permission; or

      (iii) under subparagraphs (b) and (c) above, an auto owned by or furnished for the regular use of an *insured*.

5.  *"Property damage"* means injury to or destruction of:

    (a) an *insured auto* owned by *you*;

    (b) any property in the *insured auto* owned by *you*, any *relative* or other person *occupying* the *insured auto*.

6.  *"Occupying"* means in, upon, entering into or alighting from an auto.

7.  *"Relative"* means a person related to *you* who resides in *your* household.

8.  *"State"* includes the District of Columbia, the territories and possessions of the United States, and the Provinces of Canada.

9.  *"Uninsured Auto"* is a motor vehicle which has no bodily injury and property damage liability bond or insurance policy applicable with liability limits complying with the Financial Responsibility Law of the *state* in which such auto is principally garaged or registered at the time of the accident. This term also includes an auto the insurer of which is, or becomes insolvent or denies coverage.

    The term *"uninsured auto"* does not include:

    (a) an *insured auto*;

    (b) an auto owned or operated by a self insurer within the meaning of any motor vehicle financial responsibility law, motor carrier law or any similar law;

    (c) an auto owned by the United States of America, any other national government, a *state*, or a political sub-division of any such government or its agencies;

    (d) a land motor vehicle or *trailer* operated on rails or crawler-treads or located for use as a residence or premises; and

    (e) a farm-type tractor or equipment designed for use principally off public roads, except while used upon public roads.

10. *"You"* (*"Your"*) means the policyholder named in the declarations and his or her spouse if a resident of the same household.

## LOSSES WE PAY

We will pay damages for *bodily injury* and *property damage* caused by accident which the *insured* is legally entitled to recover from the owner or operator of an *uninsured auto* or *hit and run auto* arising out of the ownership, maintenance or use of that auto.

*You* must first exhaust benefits payable under Personal Injury Protection before any Uninsured Motorists Coverage provided by this policy will apply. Uninsured Motorists Coverage cannot be used to recover any Personal Injury Protection deductible.

The amount of the *insured's* recovery for these damages will be determined by agreement between the *insured* or his representative and us. The dispute may be arbitrated if an agreement cannot be reached.

No judgment obtained by an *insured* in a lawsuit brought against the owner or operator of an *uninsured auto* without our written consent will be binding on us.

## EXCLUSIONS

### When This Coverage Does Not Apply

1.  This coverage does not apply if the *insured* or his legal representative has made a settlement of his claim

without our written consent with any person who may be legally liable for the accident.

2. *Bodily injury* sustained by an *insured* while *occupying*, or through being struck by an *uninsured auto* owned by an *insured* or a *relative* is not covered.

3. There is no coverage for property damaged while in, or through being struck by, an uninsured auto owned by an insured or a relative.

4. This Coverage will not benefit any workers' or workmen's compensation insurer, self insurer or disability benefits insurer.

5. We do not cover the United States of America or any of its agencies as an *insured*, a third party beneficiary or otherwise.

6. We do not cover *bodily injury* sustained in a vehicle described in the declaration on which Uninsured Motorists Coverage is not carried.

7. This coverage does not apply to the first $250 of *property damage* to the property of each *insured* which damaged in any one accident

8. This coverage will not benefit any insurer either directly or indirectly.

9. Regardless of any other provision of this policy, there is no coverage for punitive or exemplary damages under the uninsured or underinsured motorists coverage of this policy.

10. *Bodily injury* or *property damage* that results from nuclear exposure or explosion including resulting fire, radiation or contamination is not covered.

11. *Bodily injury* or *property damage* that results from bio-chemical attack or exposure to bio-chemical agents is not covered.

PERSONS INSURED

Who is Covered

This coverage applies to the following persons as *insureds*;

1. *you* and *your relatives*;

2. any other person *occupying* an *insured auto* with *your* consent;

3. any other person entitled to recover damages because of *bodily injury* to a person described in 1 or 2 above.

LIMIT OF LIABILITY

Regardless of the number of *insured autos* or *trailers* to which this policy applies:

1. The limit of liability for Uninsured Motorists Coverage stated in the declarations as applicable to "each person" is the limit of our liability for all damages, including those for care or loss of services, due to *bodily injury* sustained by one person as the result of one accident.

2. The limit of liability stated in the declarations as applicable to "each accident" is, subject to the above provision respecting "each person," the total limit of our liability for all such damages, including damages for care and loss of services, due to *bodily injury* sustained by two or more persons as the result of one accident.

3. The limit of *property damage* liability stated in the declarations is the total limit of our liability for all such damages, including damages for loss of use of an auto owned by *you*, sustained in any one accident.

4. When coverage is afforded to two or more autos under this policy, the limits of liability shall apply separately to each auto as stated in the declarations. But these limits may not be combined so as to increase the stated coverage for the auto involved in the accident.

If separate policies with us are in effect for *you* or any person in *your* household, they may not be combined to increase the limit of our liability for a loss.

The amount payable under this coverage will be reduced by all amounts:

    (a) paid by or for all persons or organizations liable for the injury;
    (b) paid or payable under the Bodily Injury and Property damage Coverages of this policy; or
    (c) paid or payable under any workers' or workmen's compensation law, disability benefits law or any similar law.

5. Any payment made under this Coverage shall reduce any amount the *insured* is entitled to receive from the Bodily Injury or Property Damage Coverages of this policy.

6. Any amounts paid or payable under the Medical Payments or Physical Damage Coverages of this policy are not covered under this insurance.

CONDITIONS

The following conditions apply to the Uninsured Motorists Coverage.

1. NOTICE

As soon as possible after an accident, notice must be given us or our authorized agent stating:

    (a) the identity of the *insured*;
    (b) the time, place and details of the accident; and
    (c) the names and addresses of the injured, and of any witnesses.

If the *insured* or his legal representative files suit before we make a settlement under this coverage, he must immediately provide us with a copy of the pleadings

2. PROOF OF CLAIM

As soon as possible, the *insured*, or other person making claim must give us written proof of claim, under oath if required. This will include details of the nature and extent of injuries, treatment, and other facts which may affect the amount payable.

Proof of claim must be made on forms furnished by us unless we have not furnished these forms within 15 days after receiving notice of claim.

The injured person will submit to physical examination at our expense, by doctors chosen by us, as we may reasonably require. The injured person or in the event of his incapacity or death, his legal representative, must, at our request, authorize us to obtain medical reports and copies of records.

Any person making a claim for damage to property must, within 60 days from the date of accident, file with us a sworn proof of loss. This will be a statement explaining the ownership of the property, its value, any liens or mortgages on the property, and the time, place and circumstances of the accident. Any other insurance on the property must be disclosed to us. The damaged property must be made available for our inspection upon our request.

### 3. ASSISTANCE AND COOPERATION OF THE *INSURED*

After we receive notice of claim, we may require the *insured* to take any action necessary to secure his recovery rights against any person or organization that may be legally responsible for the accident. We may require the *insured* to make that person or organization a defendant in any action against us.

### 4. OTHER INSURANCE - BODILY INJURY

When an *insured* occupies an auto not described in this policy, this insurance is excess over any other similar insurance available to the *insured*. The insurance which applies to the occupied auto is primary.

Except as provided above, if the *insured* has other similar insurance available to him and applicable to the accident, the damages will be deemed not to exceed the higher of the applicable limits of liability of this insurance and the other insurance. If the *insured* has other insurance against a loss covered by the Uninsured Motorists provisions of this policy, we will not be liable for more than our pro rata share of the total coverage available.

### 5. OTHER INSURANCE - PROPERTY DAMAGE

This insurance is excess over any other insurance of any kind applicable to *property damage*. We will pay under this coverage only the amount by which the limit for this coverage is greater than the other insurance available.

### 6. ARBITRATION

Except as set forth in the last sentence of this paragraph, any dispute arising between any *insured* and us regarding:

    (a) the extent to which the *insured* is legally entitled to recover against an owner or operator of an *uninsured motor vehicle* (i.e., issues of liability); or

    (b) the amount of damages sustained by the *insured*

may be arbitrated. Neither the *insured* nor we will be required to arbitrate unless arbitration is expressly re- quired by state law. Unless so required, binding arbitra- tion will not be used to resolve disputes regarding policy interpretation, the existence of this coverage in a particu- lar policy, or the application of this coverage to a particular claim or claimant.

We will be obligated to pay no more than the applicable policy limits for this Coverage regardless of whether an arbitration results in an award in excess of the applicable policy limits for this Coverage as defined in this policy.

Unless otherwise required by state law, the method, manner and format of any arbitration process will be subject to agreement by *you* and us. Attorney fees and expenses will be paid by the party incurring them.

### 7. TRUST AGREEMENT

Whenever we make a payment under this coverage:

    (a) to the extent of our payment, we will be entitled to repayment from the proceeds of any settlement or judgment the *insured* recovers from any person or organization legally responsible for the *bodily injury* or *property damage*. If our payment is made due to the insolvency of the insurer of the other vehicle involved in the accident, we will be entitled to the amount recoverable from the assets of the insolvent insurer. In either case, our recovery will be limited to the amount of coverage required by the financial responsibility law.

    (b) the *insured* will hold in trust for our benefit all rights of recovery which he may have against any legally responsible person or organization. He will do whatever is necessary to secure all rights of recovery and will do nothing after the loss to prejudice these rights.

    (c) at our written request, the *insured*, in his own name, will take through our designated representative appropriate actions necessary to recover payment for damages from the legally responsible person or organization. The *insured* will pay us out of the recovery for our expenses, costs and attorneys' fees.

    (d the *insured* will execute and furnish us with any needed documents to secure his and our rights and obligations.

### 8. PAYMENT OF LOSS

Any amount due is payable:

    (a) to the *insured* or his authorized representatives;

    (b) if the *insured* is a minor to his parent of guard- ian; or

    (c) if the *insured* is deceased, to his surviving spouse; otherwise

    (d) to a person authorized by law to receive the payment, or to a person legally entitled to re- cover payment for the damages.

We may, at our option, pay any amount due in accordance with (d) above

9. ACTION AGAINST US

Suit will not lie against us unless the *insured* or his legal representative have fully complied with all the policy terms.

10. SUBROGATION

When payment is made under this policy, we will be subrogated to all the *insured's* rights of recovery against others. The *insured* will help us to enforce these

rights. The *insured* will do nothing after loss to prejudice these rights.

This means we will have the right to sue for or otherwise recover the *loss* from anyone else who may be held responsible.

Our right of recovery is limited to the amount of coverage required by the Delaware Financial Responsibility Law.

## SECTION VI - GENERAL CONDITIONS

These conditions apply to all Coverages in this policy.

1. TERRITORY

This policy applies only to accidents, occurrences or losses during the policy period and within:

(a) the United States of America
(b) its territories or possessions; or
(c) Canada; or
(d) when the auto is being transported between ports thereof

Coverage for Damage To Other Property applies only to accidents which occur in Delaware.

2. PREMIUM

When *you* dispose of, acquire ownership of, or replace a *private passenger, farm* or *utility auto*, any necessary premium adjustment will be made as of the date of the change and in accordance with our manuals.

3. CHANGES

The terms and provisions of this policy cannot be waived or changed, except by an endorsement issued to form a part of this policy.

We may revise this policy during its term to provide more coverage without an increase in premium. If we do so, *your* policy will automatically include the broader coverage when effective in *your state*.

The premium for each auto is based on the information we have in *your* file. *You* agree:

(a) that we may adjust *your* policy premiums during the policy term if any of this information on which the premiums are based is incorrect, incomplete or changed.
(b) that *you* will cooperate with us in determining if this information is correct and complete.
(c) that *you* will notify us of any changes in this information.

Any calculation or recalculation of *your* premium or changes in *your* coverage will be based on the rules, rates and forms on file, if required, for our use in *your state*.

4. ASSIGNMENT

Your rights and duties under this policy may not be assigned without our written consent.

If you die, this policy will cover *your* surviving spouse if covered under the policy prior to *your* death. Until the expiration of the policy term, we will also cover:

(a) the executor or administrator of *your* estate, but only while operating an *owned auto* and while acting within the scope of his duties; and
(b) any person having proper temporary custody of and operating the *owned auto*, as an *insured*, until the appointment and qualification of the executor or administrator of *your* estate.

5. POLICY PERIOD

Unless otherwise canceled, this policy will expire as shown in the declarations. But, it may be continued by our offer to renew and *your* acceptance by payment of the required renewal premium prior to the expiration date. Each period will begin and expire at 12:01 A.M. local time at *your* address stated in the declarations.

6. CANCELLATION BY THE *INSURED*

*You* may cancel this policy by providing notice to us stating when, after the notice, cancellation will be effective.

If this policy is canceled, *you* may be entitled to a premium refund. The premium refund, if any, will be computed according to our manuals.

7. CANCELLATION BY US

We may cancel this policy by mailing to *you*, at the address shown in this policy, written notice stating when the cancellation will be effective.

We will mail this notice:

(a) 10 days in advance if *your* policy has been in effect less than 60 days, or if the proposed cancellation is for nonpayment of premium or any of its installments when due;
(b) 30 days in advance in all other cases.

A-30DE (2-02) Page 16 of 19

The mailing or delivery of the above notice will be sufficient proof of notice. The policy will cease to be in effect as of the date and hour stated in the notice.

If this policy is canceled, *you* may be entitled to a premium refund. The premium refund, if any, will be computed according to our manuals. Payment or tender of unearned premium is not a condition of cancellation.

8.  CANCELLATION BY US IS LIMITED

After this policy has been in effect for 60 days or, if the policy is a renewal policy, effective immediately, we will not cancel except for any of the following reasons:

(a)  *You* do not pay the initial premium on other than a renewal policy or any additional premium for this policy or fail to pay any premium install-ment when due to us or our agent.

(b)  *You* obtained the policy through material misrep-resentation.

(c)  Violations by any *insured* of any of the terms and conditions of the policy.

(d)  *You* failed to disclose fully in *your* application *your* motor vehicle accidents and moving traffic violations for the preceding 36 months.

(e)  *You* failed to disclose fully in the application any losses covered under any auto physical damage or comprehensive coverage for the preceding 36 months.

(f)  *You* failed to disclose, when requested by us dur-ing the policy period, facts regarding accidents or losses which would have been material to a deci-sion to renew *your* policy.

(g)  An *insured* made a false or fraudulent claim or knowingly aided or abetted another in presenting such claim.

(h)  Any *insured* or customary operator has, within the 36 months prior to the notice of cancellation or non-renewal, had his driver's license sus-pended or revoked, except a child whose license has been suspended or revoked under Section 1009 of Title 10, or whose license has been re-voked or suspended pursuant to Section 904 of Title 4, or had a driver's license under suspen-sion or revocation for a non-driving related drug offense pursuant to section 2707(b)(11), or Sec-tion 4177K of Title 21.

(i)  Any *insured* or customary operator has a history of or is subject to epilepsy or heart attacks and cannot produce a certificate from a physician tes-tifying to his unqualified ability to operate a mo-tor vehicle.

(j)  Any *insured* or customary operator has an acci-dent record, conviction record (criminal or traf-fic), physical, mental or other condition which is such that his operation of an auto might endan-ger the public safety.

(k)  Any *insured* or customary operator has, while the policy is in force, engaged in a competitive speed contest while operating an automobile in-sured under this policy.

(l)  Any *insured* or customary operator is addicted to or uses narcotics or other drugs.

(m)  Any *insured* or customary operator uses alco-holic beverages to excess thereby impairing his ability to operate a motor vehicle.

(n)  Any *insured* or customary operator has been convicted or forfeited bail, during the 36 months immediately preceding the notice of cancellation or nonrenewal for any felony.

(o)  Any *insured* or customary operator has been convicted or forfeited bail, during the 36 months immediately preceding the notice of cancellation or nonrenewal for criminal negligence, or assault arising out of the operation of a motor vehicle.

(p)  Any *insured* or customary operator has been convicted, or forfeited bail, during the 36 months preceding the notice of cancellation or nonrene-wal for operating a motor vehicle while in an in-toxicated condition or while under the influence of drugs.

(q)  Any *insured* or customary operator has been convicted or forfeited bail, during the 36 months immediately preceding the notice of cancellation or nonrenewal for leaving the scene of an acci-dent without stopping to report.

(r)  Any *insured* or customary operator has been convicted, or forfeited, during the 36 months immediately preceding the notice of cancellation or nonrenewal for theft or an unlawful taking of a motor vehicle.

(s)  Any *insured* or customary operator has been convicted, or forfeited bail, during the 36 months immediately preceding the notice of cancellation or nonrenewal for making false statements in an application for a driver's license.

(t)  Any *insured* or customary operator has, within the 36 months prior the notice of cancellation or nonrenewal, been convicted of or forfeited bail for 3 or more violations of:

(i)  any law, ordinance or regulation limiting the speed of motor vehicles; or

(ii)  any of the provisions of motor vehicle laws of any state, violation of which is a misde-meanor and the point total for such convic-tions exceeds 8 points. This provision ap-plies whether or not the violations were repetitions of the same offense or were dif-ferent offenses.

(u)  Any *insured* or customary operator has, within the 36 months prior to the notice of cancellation or nonrenewal, been involved in 3 at fault acci-dents in which claims are paid in excess of $250 per accident.

(v)  The insured auto is mechanically defective to the extent that its operation might endanger public safety.

(w)  The insured auto is used in carrying passengers for hire or compensation, except that the use of an auto for a car pool shall not be considered use of an auto for hire or compensation

A-30DE (2-02) Page 17 of 19

(x) The insured auto is used in the business of transporting flammables or explosives.
(y) The insured auto is an authorized emergency vehicle.
(z) The insured auto is modified or changed in condition so as to increase the risk substantially.
(aa) The insured auto is subject to an inspection law and has not been inspected, or, if inspected, has failed to qualify.
(bb) You change your principal residence to a state where we do not issue new or renewal automobile insurance policies

Our failure to cancel for any of these reasons will not obligate us to renew the policy.

## 9. RENEWAL

We will not refuse to renew this policy unless written notice of our refusal to renew is mailed to you, at the address shown in this policy, at least 30 days prior to the expiration date. The mailing or delivery of this notice by us will be sufficient proof of notice. This policy will expire without notice if any of the following conditions exist:

(a) You do not pay any premium as we require to renew this policy.
(b) You have informed us or our agent that you wish the policy to be canceled or not renewed.
(c) You do not accept our offer to renew or you refuse to provide us with renewal classification and rating information as we may require.

## 10. OTHER INSURANCE

If other insurance is obtained on your insured auto, any similar insurance afforded under this policy for that auto will terminate on the effective date of the other insurance

## 11. DIVIDEND PROVISION

You are entitled to share in a distribution of the surplus of the company as determined by its Board of Directors from time to time.

## 12. DISPOSAL OF VEHICLE

If you relinquish possession of a leased vehicle or if you sell or relinquish ownership of an owned auto, any coverage provided by this policy for that vehicle will terminate on the date and at the time you do so.

## 13. EXAMINATION UNDER OATH

The insured or any other person seeking coverage under this policy must submit to examination under oath by any person named by us when and as often as we may require.

## 14. ENFORCEMENT OF EXCLUSIONS

If any exclusion in this policy is deemed invalid due to financial responsibility law requirements or minimum coverage requirements of Delaware No Fault Law, we will provide coverage only to the minimum coverage limits mandated by Delaware statute.

## 15. DECLARATIONS

By accepting this policy, you agree that:

(a) the statements in your application and in the declarations are your agreements and representations;
(b) this policy is issued in reliance upon the truth of these representations; and
(c) this policy, along with the application and declaration sheet, embodies all agreements relating to this insurance. The terms of this policy cannot be changed orally.

## 16. FRAUD AND MISREPRESENTATION

Coverage is not provided to any person who knowingly conceals or misrepresents any material fact or circumstance relating to this insurance:

(a) at the time application is made;
(b) at any time during the policy period; or
(c) in connection with the presentation or settlement of a claim.

## 17. TERMS OF POLICY CONFORMED TO STATUTES

Any terms of this policy in conflict with the statutes of Delaware are amended to conform to those statutes.

## SECTION VII - AMENDMENTS AND ENDORSEMENTS
## SPECIAL ENDORSEMENT - UNITED STATES GOVERNMENT EMPLOYEES

A.  Under the Property Damage coverage of Section I, we provide coverage to United States Government employees, civilian or military, using

1.  Motor vehicles owned or leased by the United States Government or any of its agencies, or
2.  Rented motor vehicles used for United States Government business,

when such use is with the permission of the United States Government. Subject to the limits described in paragraph B below, we will pay sums *you* are legally obligated to pay for damage to these vehicles.

B.  The following limits apply to this coverage:

1.  $100 deductible applies to each occurrence.
2.  For vehicles described in A.1 above, our liability shall not exceed the lesser of the following:

    a.  The *actual cash value* of the property at the time of the occurrence; or

b.  The cost to repair or replace the property, or any of its parts with other of like kind and quality; or
c.  Two months basic pay of the *insured*; or
d.  The limit of Property Damage Liability coverage stated in the declarations.

3.  For vehicles described in A.2 above our liability shall not exceed the lesser of the following:

a.  The *actual cash value* of the property at the time of the occurrence; or
b.  The cost to repair or replace the property, or any of its parts with other of like kind and quality; or
c.  The limit of Property Damage Liability coverage stated in the declarations

This insurance is excess over other valid and collectible insurance.

J. C. Stewart
Secretary

O. M. Nicely
President

GOVERNMENT EMPLOYEES INSURANCE COMPANY
GEICO CASUALTY COMPANY
GEICO GENERAL INSURANCE COMPANY
GEICO INDEMNITY COMPANY
HOME OFFICE - 5260 Western Avenue
Chevy Chase, Maryland 20815-3799