IN THE UNITED STATES DISTRICT COURT FOR THE
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GOVERNMENT EMPLOYEES INSURANCE CO. | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION NO.: 06-449 |
| v. | ) ) ) | |
| JOHN P. RANDO | ) ) | |
| Defendant. | ) | |

**PLAINTIFF GOVERNMENT EMPLOYEES INSURANCE CO.'S MEMORANDUM AND POINTS OF AUTHORITIES TO DEFENDANT JOHN RANDO'S MOTION TO DISMISS AND/OR MOTION TO TRANSFER**

**STATEMENT OF PROCEEDINGS**

Plaintiff Government Employees Insurance Co. ("GEICO") filed its Motion for a Declaratory Judgment on July 25, 2006. Defendant Rando filed his Motion to Dismiss or Motion to Transfer on September 29, 2006. GEICO removed a companion case from Florida State Court to Florida District Court (John P. Rando, et. al. v. Government Employees Insurance Company, C.A. No. 06-CV-00336). GEICO has moved to dismiss and/or stay or transfer the Florida action on the basis that the Delaware Action was filed first.

**STATEMENT OF FACTS**

GEICO issued John Rando a Delaware-rated policy of insurance ("Delaware Policy") in October 2004, which, in part, provided uninsured/underinsured motorist coverage. This policy covered a 1996 Honda garaged in Newark, Delaware that was used primarily by defendant's daughter who resided in Delaware during the period when the policy was in effect. GEICO issued defendant a separate Florida rated policy ("Florida Policy") in November 2004 under policy number 0245195508.

The defendant was involved in an automobile accident on August 4, 2005. Defendant settled his personal injury claim with the underlying tortfeasor for the tortfeasor's full policy limits of $10,000.00. The defendant subsequently filed a claim against GEICO seeking payment of $600,000 under his GEICO Florida Policy.[1]

GEICO eventually issued payment and release to Defendant for $600,000 for recovery of underinsured motorist benefits under the Florida Policy. GEICO received the signed release on May 19, 2006.

That same day, defendant made a claim seeking underinsured motorists benefits for his injuries stemming from the August 4, 2005 automobile accident under the Delaware Policy. GEICO denied the claim on May 25, 2006 by stating that the Delaware Policy specifically precludes the defendant from combining or stacking two GEICO policies in order to increase the limits of GEICO's liability. GEICO further asserted that the plaintiff seeks recovery under the GEICO policy in direct contravention of Delaware law.

## ARGUMENT

### THIS COURT HAS PERSONAL JURISDICTION UNDER 10 DEL.C. § 3104 AND SECTION 1391(a), TITLE 28 OF THE U.S.C. AND THEREFORE DEFENDANT'S MOTION TO DISMISS MUST BE DENIED

When personal jurisdiction is challenged by a motion to dismiss, the plaintiff has the initial burden of demonstrating a basis for long-arm jurisdiction. This burden is met by a prima facie showing that jurisdiction is conferred by 10 Del. C. §3104 . . . The Court must also determine whether the exercise of personal jurisdiction in this matter would offend due process. The "constitutional touchstone in a specific jurisdiction case is whether the defendant purposely

---

[1] Under Florida law, Defendant was able to recover $600,000.00 by stacking coverage for all GEICO insured intrastate and interstate vehicles which he owned.

established minimum contacts with the forum state." Jeffreys v. Exten, 784 F. Supp. 146 (D. Del. 1994) Minimum contacts may be established when the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there. Jenkins, supra.

### A. GEICO Has Clearly Established A Prima Facie Showing That Jurisdiction Is Conferred by 10 Del. C. §3104.

Plaintiff's memorandum contends that Delaware lacks authority to assert personal jurisdiction because the "only contact" with the Delaware is that the vehicle itself was located in Delaware. Although GEICO would respectfully contend that in itself is sufficient, Plaintiff's argument overlooks the salient fact that defendant voluntarily entered into a contract with GEICO to insure the vehicle with a Delaware - rated policy of insurance. The insurance contract clearly falls within the requirements of 10 Del. C. §3104(6), otherwise known as Delaware's long-arm statute, which provides that a Delaware Court may exercise personal jurisdiction over a nonresident defendant if the person: *Contracts to insure or act as surety for, or on, any person, property, risk, contract, obligation or agreement located, executed or to be performed within the State at the time the contract is made, unless the parties otherwise provide in writing.* (Emphasis added) The defendant obtained a Delaware-rated policy through GEICO concerning a vehicle registered and licensed within Delaware. Defendant does not merely own private property within the state of Delaware. Rather, defendant contracted to insure an automobile that was to be garaged in and driven regularly within the state and therefore, needed to be insured under the laws of the State of Delaware.[2]

---

[2] 21 Del. C. § 2101, supra.

### B.   GEICO Has Met The Minimum Contacts Test

As noted above, minimum contacts may be established when the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there. Jenkins, supra. The defendant, by insuring a vehicle registered and titled in the State of Delaware for coverage rated under Delaware law should have reasonably anticipated that he would be haled into court in Delaware. Defendant certainly understood or should have understood that his daughter could bring any contractual claims under the policy against GEICO in Delaware. The defendant understood or should have understand that he could be sued personally under 10 Del. C. §3104 for any personal injury claims derived from his daughter's use of the vehicle in Delaware. Further, the insurance contract requires as a condition precedent that the defendant assist and cooperate in trials and hearings that would occur from any actions that would trigger the policy.

### C.   Defendant's Request For A Transfer Should Be Denied.

Defendant, in the alternative to dismissal, seeks to have this case transferred to the Middle District of Florida on the basis of hardship. "Unless the balance of convenience of the parties is *strongly* in favor of the defendant, the plaintiff's choice of law should prevail." Minstar, Inc., v. Laborde, 626 F. Supp. 142, 145 (D. Del. 1985). "Their choice of forum is not as great as it would be were they litigating at or near . . . the site of the activities at issue in the lawsuit." Minstar, 145) Plaintiff has chosen to bring this action in Delaware because Delaware law will control. As noted above, plaintiff is seeking declaratory relief that there is no coverage under the Delaware Policy because the policy language prevents the defendant from combining or stacking two GEICO policies to increase the limit of GEICO's liability. Plaintiff brings this action to Delaware because both the insurance contract and the laws that govern the insurance contract are

controlled by the laws of the State of Delaware. Further, defendant's inconvenience in defending this action will be minimal. This case involves a narrow issue of law that will require a nominal, if any, amount of discovery before the parties are in position to prepare dispositive motions. Consequently, it is extremely unlikely that the plaintiff would need to travel to Delaware at all.

## CONCLUSION

For the reasons set forth above, the defendant's motion to dismiss or motion to transfer this case to the Middle District of Florida should be denied.

Respectfully submitted,

Government Employees Insurance Company
by its attorneys

SWARTZ CAMPBELL LLC

Nicholas E. Skiles, Esquire (I.D. #3777)
300 Delaware Avenue, Suite 1130
P.O. Box 330
Wilmington, DE 19899
(302) 656-5935
Attorneys for Plaintiff, GEICO

IN THE UNITED STATES DISTRICT COURT FOR THE

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GOVERNMENT EMPLOYEES<br>INSURANCE CO. | )<br>)<br>) | |
| Plaintiffs, | )<br>) | CIVIL ACTION NO.: 06-449 JJF |
| v. | )<br>) | |
| JOHN P. RANDO | )<br>) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I, Nicholas E. Skiles, Esquire, hereby certify that on this 16th day of October, 2006, Plaintiff Government Employees Insurance Company's Memorandum and Points of Authorities to Defendant's Motion to Dismiss and/or Motion to Transfer was filed electronically and mailed via first class mail to:

Arthur M. Krawitz, Esquire
Matthew M. Fogg, Esquire
Doroshow, Pasquale, Krawitz & Bhaya
1202 Kirkwood Highway
Wilmington, DE 19805

Timothy S. Babiarz, Esquire
Babiarz Law Firm, P.A.
Oakland Hills, Suite 205
13940 US Hwy. 441
The Villages, FL 32159

SWARTZ CAMPBELL LLC

*/s/ Nicholas E. Skiles*
Nicholas E. Skiles, Esquire (DE ID# 3777)
300 Delaware Avenue, Suite 1130
P.O. Box 330
Wilmington, DE 19899-0330
(302) 656-5935
Attorney for Plaintiff, GEICO