IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GOVERNMENT EMPLOYEES INSURANCE CO., | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 06-449-JJF |
| JOHN P. RANDO, | : | |
| Defendant. | : | |

Nicholas E. Skiles, Esquire of SWARTZ CAMPBELL LLC, Wilmington, Delaware.
Attorney for Plaintiff.

Arthur M. Krawitz, Esquire of DOROSHOW, PASQUALE, KRAWITZ, SIEGEL & BHAYA, Wilmington, Delaware.
Attorney for Defendant.

**MEMORANDUM OPINION**

March 22, 2007
Wilmington, Delaware

*Joseph J. Farnan Jr.*
Farnan, District Judge

Pending before the Court is Defendant's Motion To Dismiss And/Or Motion To Transfer based upon lack of personal jurisdiction and improper venue (D.I. 6). For the reasons discussed, the Court will grant the Motion.

I.  **BACKGROUND**

Plaintiff Government Employees Insurance Company ("GEICO") is an insurance company incorporated in Maryland. Defendant is a resident of Florida. In October 2004, Plaintiff issued Defendant a Delaware-rated insurance policy to insure a vehicle which was registered, titled, and garaged in Delaware and primarily used by the Defendant's daughter (policy #4025027832). Defendant was a resident of Florida throughout the life of the insurance policy and the policy was executed by Defendant in Florida. The Defendant and his wife were the named insureds on the policy. In November 2004, Plaintiff issued Defendant a separate Florida-rated policy to cover a different vehicle (policy #0245195508). On April 15, 2005, the Delaware insurance policy (#4025027832) was renewed without change with a policy period lasting until October 15, 2005.

On August 4, 2005, Defendant was involved in a motor vehicle accident resulting in serious injury and requiring hospitalization. Defendant settled a claim against the tortfeasor in the amount of $10,000. Defendant filed a claim

1

with GEICO seeking payment of $600,000 of uninsured motorist benefits under his Florida policy.[1] GEICO paid the full amount of $600,000 in accordance with the Florida policy on May 19, 2006.

On May 19, 2006, Defendant filed a claim with Plaintiff to recover uninsured motorist benefits under the Delaware policy (#4025027832). Plaintiff denied Defendant's claim. Plaintiff alleges that Defendant cannot recover the amounts sought under the Delaware policy because the policy language prevents the combining of two GEICO policies.

On July 24, 2006, Plaintiff brought this declaratory judgment action pursuant to 10 Del. C. § 6501 requesting that the Court declare that Defendant is not entitled to seek recovery under the Delaware policy (#4025027832) or any other GEICO policies. On September 29, 2006, Defendant filed a Motion To Dismiss And/Or Motion To Transfer based upon lack of personal jurisdiction and improper venue (D.I. 6). Currently pending in the Middle District of Florida is an action initiated by Defendant against Plaintiff seeking damages and declaratory judgment that uninsured motorist benefits under the Delaware policy are recoverable.

---

[1] According to Plaintiff, Florida law allows a policy holder to stack, or combine, coverage for all intrastate and interstate vehicles insured by the same company in order to increase the benefit limits available under a single policy.

2

## II. PARTIES' CONTENTIONS

By his Motion, Defendant contends that the Court lacks personal jurisdiction over him because there are no minimum contacts between Defendant and Delaware, Plaintiff does not meet the requirements of the Delaware long-arm statute, and it would be unreasonable under the facts for Delaware to exercise jurisdiction. Defendant further alleges that a transfer to the Middle District of Florida is warranted because Florida is a more convenient forum. In response, Plaintiff contends that jurisdiction is conferred by the Delaware long-arm statute pursuant to 10 Del. C. § 3104(c)(6) and that minimum contacts are established by Defendant's Delaware insurance policy. Plaintiff further contends that the balance of convenience does not favor a transfer.

## III. LEGAL STANDARD

To establish personal jurisdiction, a party must allege facts sufficient to satisfy two requirements, one statutory and one constitutional. See Reach & Assoc., P.C. v. Dencer, 269 F. Supp. 2d 497, 502 (D. Del. 2003). With regard to the statutory requirement, the Court must determine whether there is a statutory basis for jurisdiction under the forum state's long-arm statute. Id. As for the constitutional basis, the Court must determine whether the exercise of jurisdiction comports with the defendant's right to due process. Id. (citations omitted). Due

process requires that a defendant have certain minimum contacts with the forum state in order to ensure that the maintenance of the lawsuit does not offend "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. State of Wash., Office of Unemployment Compensation and Placement, 326 U.S. 310, 316 (1945).

The plaintiff bears the burden of establishing with reasonable particularity that sufficient minimum contacts have occurred between the defendant and the forum state to support jurisdiction. Provident Nat'l Bank v. California Fed. Sav. & Loan Assoc., 819 F.2d 434, 437 (3d Cir. 1987). To satisfy this burden, the plaintiff must establish either specific jurisdiction or general jurisdiction. Specific jurisdiction arises when the particular cause of action arose from the defendant's activities within the forum state; general jurisdiction arises when the defendant has continuous and systematic contacts with the state, irrespective of whether the defendant's connections are related to the particular cause of action. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414, 416 (1984).

Once it is established that the defendant has sufficient minimum contacts with the forum, the court must then determine whether it is reasonable for the Court to exercise jurisdiction over the defendant. In making this determination, courts weigh several factors including:

4

>    1) the burden that the exercise of
>    jurisdiction will impose on the defendant;
>    2) the interests of the forum state in
>    adjudicating the case; 3) the plaintiff's
>    interests in obtaining convenient and
>    effective relief; 4) the interstate judicial
>    system's interest in obtaining the most efficient resolution of
> 5) the shared interest of the states in furthering substantive
> social policies.

Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 568 (2d. Cir. 1996) (citing Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 113-14 (1987); World-wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980).

## IV.    ANALYSIS

According to the relevant portion of the Delaware long-arm statue, a Delaware court may exercise jurisdiction over any nonresident who:

> contracts to insure or act as a surety for,
> or on, any person, property, risk, contract,
> obligation or agreement located, executed or
> to be performed within the State at the time
> the contract is made, unless the parties
> otherwise provide in writing.

10 Del. C. § 3104(c)(6). Plaintiff contends that the insurance policy held by Defendant squarely falls within the language and meaning of the statute because the Defendant contracted to insure his vehicle which was garaged in Delaware.

Plaintiff further contends that specific jurisdiction exists over Defendant because minimum contacts are established by Defendant's act of insuring a vehicle registered and titled in

5

Delaware for coverage under Delaware law.[2]  Specific jurisdiction exists when the defendant has purposefully directed his activities toward the forum, and the litigation arises out of or is related to the defendant's contacts with the forum. Helicopteros Nacionales de Colombia, S.A., 466 U.S. at 414-16. Stated another way, the Defendant must have purposefully availed himself of the privilege of conducting activities within the forum such that the defendant should reasonably anticipate being haled into court as a result of his conduct and connection with the forum.  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985).  Plaintiff contends that Defendant should have reasonably anticipated litigation in Delaware as a result of having an insurance policy for a car located in the forum state.

Even if the Court were to conclude that Plaintiff has alleged sufficient facts to establish a statutory basis for personal jurisdiction under the Delaware long-arm statute and that minimum contacts exist between the Defendant and Delaware, the Court would decline to exercise personal jurisdiction on the basis that the relationship between the Defendant and the forum state is not such that it is reasonable to require Defendant to litigate in Delaware.  Assuming arguendo that Plaintiff's vehicle

---

[2] The Court understands Plaintiff's argument to rest on specific jurisdiction because the contacts it advances to support the exercise of personal jurisdiction are neither continuous or systematic.

6

and insurance policy are sufficient to establish minimum contacts, the contacts are not so significant to create a substantial connection with the forum state, especially when analyzed in relationship to the factors set forth in Metropolitan Life Ins. Co., 84 F.3d at 568.

Considering the balance of factors, the Court concludes that the exercise of jurisdiction, in the circumstances presented by this case, does not comport with traditional notions of fair play and substantial justice. The Court concludes that the burden on Defendant to litigate in Delaware is significant in light of the relatively slight burden on the Plaintiff to litigate in Florida or another forum where jurisdiction is found. Defendant's only contact with Delaware is that he owns a vehicle registered and titled in the state. However, an insurance policy is required by Delaware law for a car that is registered in Delaware. see 21 Del C. § 2118. Additionally, Defendant suffered severe permanent brain injuries as a result of the accident in Florida which present a burden on Defendant's participation in the litigation process including travel to and from the forum, effective communication with local counsel, and responding to discovery. In contrast, Plaintiff is a large corporation incorporated in Maryland which issues auto insurance in forty-nine states and the District of Columbia as well as in overseas locations. Plaintiff has seven regional offices, including one in Florida. Further,

7

Plaintiff is already involved in litigation in the Middle District of Florida brought by the Defendant regarding the same Delaware-rated insurance policy at issue in the present action. Plaintiff contends that the inconvenience to Defendant will be minimal because little discovery is necessary. However, the Court concludes that this contention weighs in favor of both parties and thus, does not alter the Court's analysis.

Additionally, the Court concludes that the interest of the forum state in adjudicating the case weighs slightly in favor of exercising jurisdiction. A Delaware-rated insurance policy will be interpreted under Delaware law and the forum has an interest in interpreting and enforcing its laws. The forum state also has an interest in protecting its residents from inconvenient litigation. Here, neither Plaintiff or Defendant is a resident of Delaware. Thus, this factor weighs only slightly in favor of finding the exercise of jurisdiction to be reasonable.

The Court further concludes that the additional factors to consider do not weigh in favor of exercising jurisdiction. In the circumstances of this case, declining to exercise jurisdiction over the Defendant does not prejudice Plaintiff's interest in obtaining convenient and effective relief, the judicial system's interest in the most efficient resolution, and the shared interest of the states in furthering substantive social policies.

In sum, the Court concludes that the exercise of personal jurisdiction over the Defendant does not comport with the Defendant's right to due process.  Thus, the constitutional requirements for jurisdiction are not met.  Accordingly, the Court will grant Defendant's Motion.

Because the Court declines to exercise personal jurisdiction over the Defendant, the Court need not address Defendant's arguments with respect to improper venue and transfer.

V.   CONCLUSION

For the reasons discussed, the Court will grant Defendant's Motion To Dismiss (D.I. 6).

An appropriate Order will be entered.

9